Richmond

## WILLIAM FRANKLIN WOMACK, JR.

v.

## COMMONWEALTH OF VIRGINIA

June 8, 1979.

Record No. 781136.

Present: I'Anson, C.J., Carrico, Harrison, Cochran, Poff, and Compton, JJ.

*Allen C. Tanner, Jr. (Mason, Gibson, Cowardin & Spencer,* on brief), for appellant.

*Robert H. Anderson, III, Assistant Attorney General (Marshall Coleman, Attorney General,* on brief), for appellee.

PER CURIAM.

Defendant, William Franklin Womack, Jr., waived trial by jury on an indictment charging him with possession of "Preludin (Phenmetrazine), Methaqualone, Oxycodone, Secobarbital, and Amphetamine,"* all Schedule II controlled substances under Code § 54-524.84:6. He was found guilty as charged and sentenced to four years in the State penitentiary with two years suspended.

Defendant contends that the evidence is insufficient to establish that he was in possession of the drugs as alleged in the indictment. He says he was not indicted or convicted for possession of the type of specific drugs found on his person, "but rather was indicted and convicted of possession of other drugs which were found scattered throughout an apartment which he did not own."

On the afternoon of September 28, 1977, several Newport News police officers went to an apartment in that city to execute a search warrant. After knocking on the door, they heard a rustling noise inside and were denied admittance. A second knock on the door and an announcement that they were police officers failed to gain admission. They finally obtained entry into the apartment by using a pass-key, furnished by the owner of the apartment complex, and by exerting force on the door to overcome pressure applied from the inside.

Upon entering the apartment, the officers saw four individuals in the living room and observed the defendant and another person

---

*Code § 18.2-250.

moving rapidly from the kitchen and dining room areas toward the living room. A massive amount of illegal drugs and drug paraphernalia was strewn in plain view throughout the apartment. After arresting the six persons in the apartment, the police conducted a search of the premises. None of the persons arrested was an owner or tenant of the premises. The dining room table alone "was loaded" with pills, capsules, spoons filled with narcotic powders and liquids, needles, syringes, a cooking set and a set of scales. Approximately 5,000 pills and capsules and some 300 needles and syringes were found at various places in the apartment. Upon a search of the defendant's person, two capsules containing pentobarbital, a controlled drug, were found in his shirt pocket. The drug analysis report introduced into evidence revealed that all the pills, capsules and powders were controlled drugs and that 79 of the capsules seized contained pentobarbital.

The defendant made no statement to the officers when he was arrested or during the search of the premises. Defendant presented no evidence at trial.

█ To sustain a conviction for possession of a controlled drug, it is generally necessary to show that the accused was aware of the presence and character of the particular controlled substance and that he consciously and intentionally possessed it. Constructive possession of a controlled drug may be shown by establishing that the drug was subject to the accused's dominion or control. *Gillis* v. *Commonwealth,* 215 Va. 298, 302, 208 S.E.2d 768, 771 (1974); *Ritter* v. *Commonwealth,* 210 Va. 732, 741, 173 S.E.2d 799, 805-06 (1970).

█ The requisite knowledge on the part of an accused "may be proved by 'evidence of acts, declarations or conduct of the accused from which the inference may be fairly drawn that he knew of the existence of narcotics at the place where they were found.'" *Andrews* v. *Commonwealth,* 216 Va. 179, 182, 217 S.E.2d 812, 814 (1975). However, mere proximity to a controlled substance is insufficient to establish possession. *Wright* v. *Commonwealth,* 217 Va. 669, 670, 232 S.E.2d 733, 734 (1977).

█ Defendant argues that the facts in this case are similar to those in *Huvar* v. *Commonwealth,* 212 Va. 667, 187 S.E.2d 177 (1972), and under our holding there his conviction cannot be upheld. We do not agree. A mere statement of the facts in this case clearly distinguishes it from those in *Huvar*.

The evidence here shows that when the police officers finally gained admission into the apartment they saw the defendant moving rapidly from the dining room area, where a massive quantity of drugs and drug paraphernalia was on the dining room table and scattered throughout that room in plain view. The fact that the two pentobarbital capsules found on the person of the defendant were identical to 77 other such capsules seized by the police is significant on the question whether the defendant had dominion or control over the drugs expressly listed in the indictment. It is true that the indictment did not list pentobarbital among the several other controlled drugs that defendant was charged with possessing. However, it can be reasonably concluded from the quantity and visibility of the drugs seized that the defendant was aware of the presence and nature of the controlled drugs and drug paraphernalia in the apartment and that he intentionally and consciously exercised dominion and control over all the drugs seized. This evidence shows more than defendant's mere proximity to the drugs. Hence, we hold that the totality of the circumstances disclosed by the evidence was sufficient to support the finding that the defendant was in constructive possession of the drugs named in the indictment and that he was aware of their contraband character.

The judgment of conviction will therefore be

*Affirmed.*