865 F.2d 255
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Nathaniel SILLS, Petitioner-Appellant,
v.
Edward W. MURRAY; Attorney General of Virginia,
Respondents-Appellees.
 No. 88-6699.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 27, 1988.
Decided: Dec. 1, 1988.
 
 Nathaniel Sills, appellant pro se.
 Katherine Baldwin Toone (Office of the Attorney General of Virginia), for appellees.
 Before K.K. HALL, JAMES DICKSON PHILLIPS, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Nathaniel Sills seeks review of the order of the magistrate[1] denying relief on his 28 U.S.C. Sec. 2254 petition. Sills raises eight distinct claims in support of his petition. We address three of these claims and find the remaining claims to be procedurally barred because Sills either failed to raise the issue on direct appeal, see Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974), cert. denied, 419 U.S. 1108 (1975), or failed to raise the issue in the first of his three state habeas petitions.[2] See Va. Code Sec. 8.01-654(B)(2) (1977).
 
 
 2
 Sills first challenges the search and seizure of illegal drugs in his case. We hold that Sills was not in procedural default because he properly raised this issue on direct appeal, see Va. Code Sec. 8.01-670 (1977), but, because he has not shown that he was denied a full and fair hearing in state court, this claim is not cognizable under Sec. 2254. Stone v. Powell, 428 U.S. 465 (1976).
 
 
 3
 Sills also challenges the sufficiency of the evidence to convict him of possession of Preludin with intent to distribute. Va. Code Sec. 18.2-250 (1977). We note, again, that Sills properly preserved the issue by raising it on direct appeal. See Va.Code Sec. 8.01-670 (1977). Nonetheless, we reject Sills' claim under the dictates of Jackson v. Virginia, 443 U.S. 307 (1979). The evidence at trial showed that police officers received a tip from a past reliable, confidential informant that a black male, named "Shorty," was selling Preludin from a Kool cigarette pack that lay on the ground nearby. The police set up surveillance of the suspect and observed two individuals approach the suspect, count out currency, and then the suspect handed something to the individuals from the Kool pack. After observing what they believed to be these two drug transactions, the police approached the suspect (Sills) and confirmed he was "Shorty." The officers then confiscated the Kool pack and found eight Preludin pills within. From these facts, we hold that a rational jury could easily conclude that Sills either possessed, or constructively possessed, the Preludin. The fact that Sills did not have the Preludin on his person at the time of his arrest does not change our view of his guilt. See Eckhart v. Commonwealth, 222 Va. 447, 281 S.E.2d 853 (1981); Womack v. Commonwealth, 220 Va. 5, 255 S.E.2d 351 (1979).
 
 
 4
 Finally, we address Sills' claim of ineffective assistance of counsel. We note that Sills did not raise this claim until his third state habeas petition. Virginia law requires Sills to have raised this issue in his first petition, see Va. Code Sec. 8.01-654(B)(2), and his failure to do so bars federal review. Moreover, Sills does not establish cause for his procedural default. Murray v. Carrier, supra; Wainwright v. Sykes, supra.
 
 
 5
 Based on the foregoing, we deny a certificate of probable cause and dismiss the appeal.[3] We dispense with oral argument because the materials before us adequately present the facts and legal arguments and oral argument would not aid the decisional process.
 
 
 6
 DISMISSED.
 
 
 
 [1]
 The parties consented to the jurisdiction of the magistrate. 28 U.S.C. Sec. 636(c)
 
 
 [2]
 The procedurally barred claims include challenges to: the prejudicial testimony of a police officer at trial, the denial of confrontation by late disclosure of the chemist's report, the perjured testimony of a police officer at trial, the classification of Phenmetrazine as an opiate under Virginia law, and whether Virginia law classifying Phenmetrazine as a Class II drug controls over federal law classifying Phenmetrazine as a Class III drug. We note that Sills has advanced no cause to explain his defaults. Murray v. Carrier, 477 U.S. 478 (1986); Wainwright v. Sykes, 433 U.S. 72 (1977)
 
 
 [3]
 We reject Sills' claim that he was entitled to review of the magistrate's order by the district court because the state did not consent to such an appeal. 28 U.S.C. Sec. 636(c)(4)