COURT OF APPEALS OF VIRGINIA

Present: Judges Bray, Overton and Senior Judge Baker
Argued at Norfolk, Virginia


CRAIG JEFFREY THOMAS

MEMORANDUM OPINION[*] BY
v.          Record No. 2561-97-1          JUDGE JOSEPH E. BAKER
                                          DECEMBER 1, 1998
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Randolph T. West, Judge

Ronald L. Smith for appellant.

Linwood T. Wells, Jr., Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


Craig Jeffrey Thomas (appellant) appeals from his bench

trial conviction by the Circuit Court of the City of Newport News

for unlawfully possessing cocaine in violation of Code

§ 18.2-250.  Appellant contends the evidence is insufficient to

prove beyond a reasonable doubt that he constructively possessed

the cocaine.  Finding no error, we affirm the judgment of the

trial court.

Under familiar principles of appellate review, we examine

the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible

therefrom.  See Martin v. Commonwealth, 4 Va. App. 438, 443, 358

S.E.2d 415, 418 (1987).  "The judgment of a trial court will be

disturbed only if plainly wrong or without evidence to support

[*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

it."  Glasco v. Commonwealth, 26 Va. App. 763, 773, 497 S.E.2d 150, 155 (1998).

The record discloses that on July 31, 1995, a reliable informant advised Newport News Detective D.M. Best that a black male named "Craig," who drove a red "5.0 Mustang," was at a Robo Car Wash in possession of a quantity of crack cocaine.  Best and Officers W.S. Warren and T.G. LeCroy drove to the Robo Car Wash, arriving within five minutes of receiving the tip.  There, they saw appellant, who was standing by a red Mustang automobile.

As the officers exited their vehicle, appellant looked in their direction, walked to the driver's side of the Mustang, and sat down in the driver's seat.  Warren testified that appellant "leaned semi over to his right, forward, and began with his right hand to make a motion as if trying to stick something or put something on the passenger side of the console in the vehicle. . . .  It appeared as if he was making some kind of pushing motion with his hand."

Out of concern for officer safety, Warren drew his weapon and ordered appellant to put his hands in the air.  Appellant "immediately brought his hands up, then sort of hesitated and went back down with his right hand again in that same area . . . and then as we came to the vehicle he quickly moved his hands back up."  After the officers removed appellant from the car, Warren directed LeCroy to search the area where appellant had been reaching with his hand.  Stuffed under the console, on the

floorboard, LeCroy found a plastic bag containing 2.2 grams of crack cocaine. No one else entered the car while the officers were present.

Although the Mustang was not registered to appellant, a subsequent search of the Mustang's glove box revealed numerous papers connecting appellant to the car, including a July 31, 1995 repair receipt for the Mustang, listing appellant as the customer. Found in appellant's possession were a cellular telephone, a pager, and more than $200 in cash.

Appellant denied knowledge of the presence of the discovered contraband and asserted that the car belonged to his brother who, appellant said, had driven the Mustang to the car wash. Gregory Campbell, a thrice-convicted felon, testified for the defense that he had put the cocaine in the Mustang, but said that he placed it in the vehicle's ashtray. Campbell admitted smoking crack cocaine the night before the July 31, 1995 incident, and testified that using drugs sometimes affected his memory.

"Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983). However, "[t]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29

(1993).  Whether a hypothesis of innocence is reasonable is a question of fact.  See Cantrell v. Commonwealth, 7 Va. App. 269, 290, 373 S.E.2d 328, 339 (1988).

"While proximity to a controlled substance is insufficient alone to establish possession, it is a factor to consider when determining whether the accused constructively possessed the drugs."  Brown v. Commonwealth, 15 Va. App. 1, 9, 421 S.E.2d 877, 882 (1992) (en banc).  "Ownership or occupancy of the vehicle in which the drugs are found is likewise a circumstance probative of possession."  Glasco, 26 Va. App. at 774, 497 S.E.2d at 155 (finding sufficient evidence of possession where, although the car in which drugs were found was not registered to the defendant, he was driving it and the car had been in his possession on previous occasions).  In resolving this issue, the trial court must consider "the totality of the circumstances disclosed by the evidence."  Womack v. Commonwealth, 220 Va. 5, 8, 255 S.E.2d 351, 353 (1979).

Appellant's actions upon seeing the police officers revealed that he was aware of the presence of the cocaine in the Mustang.  Warren observed appellant reaching toward the center console and making a "pushing" action at the point where the cocaine was found under the console.  Moreover, the papers found in the glove box support the finding that the Mustang was in appellant's possession and under his control at the time the cocaine was discovered.

Appellant's attempt to explain the repair receipt and other items found in the glove box was vague, disjointed and obviously did not persuade the trial court. Likewise, the trial court also was not required to accept Campbell's testimony. The credibility of witnesses' testimony and the inferences to be drawn from proven facts are matters solely for the fact finder's determination. See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).

We hold that the evidence is sufficient to prove appellant's guilt of possessing cocaine and, accordingly, the judgment of the trial court is affirmed.

Affirmed.