COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Humphreys and Senior Judge Overton
Argued at Chesapeake, Virginia


WILLIAM H. HARRISON, JR.

MEMORANDUM OPINION[*] BY

v.    Record No. 1973-99-1      JUDGE ROBERT J. HUMPHREYS

AUGUST 8, 2000

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
Westbrook J. Parker, Judge

David J. Whitted, Assistant Public Defender
(Office of the Public Defender, on brief),
for appellant.

Stephen R. McCullough, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


William H. Harrison, Jr. was convicted in a bench trial of

possession of heroin.  He argues on appeal that the evidence

presented was insufficient as a matter of law to support a

conviction.  We agree and for the reasons that follow, we

reverse the decision of the trial court.

I.  Background

The parties are fully conversant with the facts of this

case, and this memorandum opinion recites only those facts

necessary to the disposition of the issue.

---

    * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

On December 30, 1998, Suffolk police officers were conducting a narcotics surveillance of a residence.  At approximately 3:00 p.m., they observed a white Ford, driven by Harrison, pull up to the house and stop.  The officers testified that they observed Harrison get out of the car and "hurriedly" walk to the house.  Harrison then returned to his vehicle a few minutes later with an occupant of the house, and they appeared to look around in the back seat of the car.  The occupant of the house then returned inside, and Harrison drove away.

The officers decided to follow Harrison and after observing him commit several moving traffic infractions, they stopped the vehicle.  The vehicle was registered to William and Angela Harrison.  After determining that Harrison's driver's license was suspended, the officers arrested him for driving on a suspended license and reckless driving.  An inventory search of the vehicle disclosed a coffee straw, which contained heroin residue, resting on the transmission hump beside the driver's seat, debris scattered throughout the vehicle, and stolen computer equipment on the rear seat.[1]

## II.  Analysis

"Where the sufficiency of the evidence is challenged after conviction, it is our duty to consider it in the light most favorable to the Commonwealth and give it all reasonable

---

[1] Harrison was also charged with receiving stolen property and was acquitted of this offense.

-

inferences fairly deducible therefrom.  We should affirm the judgment unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it."  Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

The law applicable to the issue presented here is summarized in Womack v. Commonwealth, 220 Va. 5, 255 S.E.2d 351 (1979).  Constructive possession may be shown by establishing that the contraband was known, and subject to the dominion and control of the accused.  Knowledge of the presence and character of the controlled substance is required but such knowledge may be shown by evidence of the acts, statements or conduct of the accused.  Mere proximity to the controlled substance, however, is insufficient to establish possession.  See id. at 7, 255 S.E.2d at 352.  Nevertheless, the possession need not be exclusive.  See Ritter v. Commonwealth, 210 Va. 732, 741, 173 S.E.2d 799, 805-06 (1970).  See also Eckhart v. Commonwealth, 222 Va. 447, 450, 281 S.E.2d 853, 855 (1981).

> Suspicious circumstances, including
> proximity to a controlled drug, are
> insufficient to support a conviction.  To
> support a conviction based upon constructive
> possession, "the Commonwealth must point to
> evidence of acts, statements, or conduct of
> the accused or other facts or circumstances
> which tend to show that the defendant was
> aware of both the presence and character of
> the substance and that it was subject to his
> dominion and control."  Circumstantial
> evidence is sufficient to prove guilt beyond
> a reasonable doubt so long as "all necessary

-

> circumstances proved . . . [are] consistent
> with guilt and inconsistent with innocence
> and must exclude every reasonable hypothesis
> of innocence."  The Commonwealth "need not
> affirmatively disprove all theories which
> might negate the conclusion that the
> defendant . . . [possessed the heroin], but
> the conviction will be sustained if the
> evidence excludes every reasonable
> hypothesis of innocence."

McNair v. Commonwealth, 31 Va. App. 76, 86, 521 S.E.2d 303, 308 (1999) (en banc) (citations omitted).

The Commonwealth suggests that Harrison appearing at a residence where narcotic sales were suspected to occur and his possession of stolen property were factors that indicate Harrison is a drug user.  Assuming without deciding that such an inference is reasonable, the Commonwealth failed to establish that Harrison ever used the coffee straw to consume heroin or was aware that it had been used by anyone else for such a purpose.

In summary, the evidence when viewed in the light most favorable to the Commonwealth, established nothing more than mere proximity to the coffee straw containing heroin residue and fell short of removing every reasonable hypothesis consistent with innocence.

                                        Reversed and dismissed.

-