COURT OF APPEALS OF VIRGINIA


Present:  Judges Humphreys, Clements and Senior Judge Coleman
Argued at Richmond, Virginia


DARLENE MORGAN, S/K/A
 DARLENE R. MORGAN
                                   MEMORANDUM OPINION* BY
v.    Record No. 3009-99-2         JUDGE ROBERT J. HUMPHREYS
                                        FEBRUARY 20, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF DINWIDDIE COUNTY
                     Thomas V. Warren, Judge

          (Phillip T. DiStanislao, Jr.; Hardy &
          DiStanislao, P.C., on brief), for appellant.
          Appellant submitting on brief.

          Donald E. Jeffrey, III, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     Darlene Morgan, appellant, appeals her conviction, after a

bench trial, of possession of cocaine with intent to distribute.[1]

Morgan argues that the trial court erred in finding the evidence

sufficient to establish constructive possession.  We disagree

and affirm the conviction.

     "Where the sufficiency of the evidence is challenged after

conviction, it is our duty to consider it in the light most

favorable to the Commonwealth and give it all reasonable

_____

          * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

          [1] Morgan and her husband were jointly tried for this
offense.  This appeal concerns only Darlene Morgan's conviction.

inferences fairly deducible therefrom.  We should affirm the judgment unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it."  Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

Here, the evidence proved that Investigator Fendle E. Vaughn, of the Dinwiddie Sheriff's Office, executed a search warrant of a home occupied by Morgan and her husband on the evening of September 26, 1997.  Vaughn and the officers accompanying him found the home to be occupied by six adults and three children. As the officers entered, one of the adults informed the officers that Kevin Morgan, appellant's husband, was in a bedroom of the home.  As the officers approached the bedroom, Kevin Morgan was leaving the room.  He was wearing "lounge pants like pajama bottoms, no shirt, [and] no shoes."  Vaughn testified that the lights in the room were on and the door was open.  Morgan was inside the room, holding a baby in her arms.  She was dressed in a "white nightgown."

After removing Morgan and her husband from the bedroom, the officers found $4,500 in cash, a ziplock bag containing a large quantity of cocaine, an electric scale, $110.56 in additional currency, a pager, food stamp papers which were listed as belonging to Morgan, a clear plastic bag containing "white powder residue," and a "slip of paper with a number of columns added up on it."

-

The $4,500 in cash was found in a "multi-colored bag" or "purse" in a closed drawer of a nightstand that was next to the bed. The bag did not contain any identification. The ziplock bag containing the cocaine was found on the floor between the bed and the nightstand. The scale was located in a dresser in the room, which also contained men's tennis shoes, cigars and some change.[2] The clothing near the dresser "appeared to be mens [sic]" but could have been "unisex."

"In order to convict a defendant of 'possession' of a narcotic drug . . . it generally is necessary to show that [the] defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it." Ritter v. Commonwealth, 210 Va. 732, 741, 173 S.E.2d 799, 805 (1970). However, "[p]ossession [of drugs] may be actual or constructive. Constructive possession may be established by 'evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and the character of the substance and that it was subject to his dominion and control.'" Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984).

> The applicable law is summarized in Womack
> v. Commonwealth, 220 Va. 5, 255 S.E.2d 351
> (1979). Constructive possession may be

---

[2] The scale was submitted for fingerprint analysis, and a latent fingerprint was identified as belonging to Morgan's husband.

-

shown by establishing that the [contraband] was known to and subject to the dominion and control of the accused. Knowledge of the presence and character of the controlled substance may be shown by evidence of the acts, statements or conduct of the accused. Mere proximity to the controlled substance, however, is insufficient to establish possession. Nevertheless, the possession need not be exclusive.

Eckhart v. Commonwealth, 222 Va. 447, 450, 281 S.E.2d 853, 855 (1981). "Proof of constructive possession necessarily rests on circumstantial evidence; thus, all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence." Burchette v. Commonwealth, 15 Va. App. 432, 434, 425 S.E.2d 81, 83 (1992) (citations omitted). "However, the Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).

Morgan contends that the evidence proved nothing more than her mere proximity to the drugs. On the contrary, the evidence proved that Morgan was found in the bedroom in which the drugs were found. Her husband was present in the room with her, and they were both dressed in clothing from which it could reasonably be inferred that they intended to sleep in the room. In addition, Morgan's food stamp papers were found in the room, along with a bag or purse containing $4,500. This evidence was

-

sufficient to allow the trial court to reasonably infer that Morgan possessed joint control over the bedroom and its contents with her husband.  See Gillis v. Commonwealth, 215 Va. 298, 301, 208 S.E.2d 768, 771 (1974) (occupancy of premises as a co-tenant is a factor to be considered with other evidence in determining whether a defendant had constructive possession of contraband).  Moreover, the drugs were found on the floor, outside the nightstand, between the bed and the nightstand.  Viewed in the light most favorable to the Commonwealth, this evidence indicates that the drugs were in Morgan's view while she was in the room.

Based on the totality of the circumstances, we do not find that the trial court was "plainly wrong" in finding the evidence sufficient to establish that Morgan jointly and constructively possessed the drugs, along with her husband.  See Eckhart, 222 Va. at 451, 281 S.E.2d at 855 (evidence sufficient to establish that defendant was aware of drugs found in a bedroom she shared with her husband, when she was seated outside the room in a location from which the drugs were visible).

Affirmed.

-