COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Bumgardner and Clements
Argued by teleconference


WALLACE LEE STOKES

MEMORANDUM OPINION[*] BY
v.    Record No. 0544-01-1      JUDGE JEAN HARRISON CLEMENTS
AUGUST 27, 2002
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Walter J. Ford, Judge

Timothy G. Clancy (Moschel, Gallo & Clancy,
L.L.C., on brief), for appellant.

Steven A. Witmer, Assistant Attorney General
(Randolph A. Beales, Attorney General, on
brief), for appellee.


Wallace Lee Stokes was convicted in a bench trial of

possession of cocaine in violation of Code § 18.2-250.  On appeal,

he contends the trial court erred (1) in denying his motion to

suppress the cocaine because the search warrant pursuant to which

the cocaine was found was not supported by probable cause and the

good faith exception to the warrant requirement did not apply and

(2) in finding the evidence sufficient to prove he constructively

possessed the cocaine.  Finding no error, we affirm the

conviction.

─────────────────────

    * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as necessary to the parties' understanding of the disposition of this appeal.

## I.  MOTION TO SUPPRESS

On May 14, 1999, Detective R. Clements filed an affidavit in support of his application for a search warrant for "1809 W. Mercury Blvd., Room 110, Hampton, Virginia" for the purpose of searching for "cocaine, U.S. currency derived from the sale of cocaine, all records and documents . . . relating to the sale, purchase and distribution of cocaine, and all other drug related paraphernalia."  The affidavit stated as follows:

> On 05/14/99, this affiant was contacted by Hampton Uniform Patrol Officers Pryor and Wideman.  The officers advised that Officer Wideman had observed a 1989 reddish color Mercedes vehicle that had been seen travelling on Colesium [sic] Drive.  The officers continued to advise that Officer Wideman had seen a black male subject driving that Mercedes vehicle who fit the description of Wallace Stokes (aka – "Gate").  Both Officer Wideman and Officer Pryor had knowledge that Wallace Stokes had an outstanding Hampton arrest warrant on file and therefore, a traffic stop was effected on southbound I664 at Hampton City line.  As a result of the traffic stop, Wallace Stokes was verified to be the driver and was subsequently arrested.
>
> This affiant has knowledge that Wallace Stokes (aka – "Gate") has been seen on several occasions in the company of other known drug dealers who are involved in a

-

federal drug investigation. Furthermore, Hampton Police Officer C. Miller responded to the scene of the traffic stop with his trained certified drug sniffing K-9. Officer Miller advises that his trained certified drug sniffing K-9 reacted in a positive manner for the odor of narcotics outside the 1989 reddish colored Mercedes. After alerting in a positive manner, the K-9 went inside the vehicle and continued to alert in a positive manner in several other locations.

Further investigation revealed that Wallace Stokes had in his possession at the time of his arrest, a hotel room key. Investigation revealed that the key returned to Room 110 of the Hampton Quality Inn, located at 1809 W. Mercury Blvd. Further investigation revealed that Wallace Stokes was the only individual registered to this room and that the room had been registered in his name for a "half day" only. The hotel management advises that check out time for the room is 12:00 noon on this day. This affiant has knowledge, through my training and experience, that drug dealers use hotel and motel rooms to store drugs and/or conduct their illegal drug transactions.

Following an indication on the affidavit that the facts set forth in the affidavit were based both on affiant's personal knowledge and on information relayed to him by others, the affidavit further stated:

Officers Wideman, Pryor and Miller are sworn Hampton Police Officers with varying years and degrees of experience. This affiant has personal knowledge that each of these officers have [sic] made numerous drug arrest(s) [sic].

This affiant is a sworn police officer for the City of Hampton, Virginia, for the past eight years. This affiant worked with

-

the Special Investigations Unit of the
Hampton Police Division for two and a half
years before being assigned to the Peninsula
Narcotics Enforcement Task Force for seven
months.  This affiant is now currently
reassigned back to the Special
Investigations Unit.  This affaint [sic] has
attended many various schools and training
seminars dealing with illegal drugs during
this affiant's employment with the Hampton
Police Division.  This affiant has conducted
many drug investigations and has been
certified in, at least, two individual
Circuit Courts in the City of Hampton, as
well as, in Federal Court as an expert
witness in narcotic investigations.  This
affiant knows through this experience that
drug dealers often maintain assorted records
of their illegal drug possession and
sales/distribution.

Based on the affidavit, the magistrate issued a search
warrant that same date for Room 110 of the Hampton Quality Inn.
Upon execution of the warrant, the police found cocaine inside
the room.  At the hearing on Stokes' motion to suppress, the
trial court denied the motion, finding that the facts in the
affidavit justified the issuance of the search warrant.

On appeal, Stokes contends the search of the hotel room was
illegal because the underlying affidavit for the warrant did not
provide a substantial basis for the magistrate to determine
probable cause.  The affidavit, Stokes argues, did not allege
that Stokes was a drug dealer or that he was involved in any
criminal activity.  It did not indicate, Stokes continues, that
drugs were found on his person or in the car he was driving or
that the outstanding warrant on which he was stopped and

-

arrested was drug related.  Likewise, Stokes argues, although the affidavit stated that a police dog had reacted positively to the odor of drugs outside and inside the car, there was nothing in the affidavit indicating that the car was his or describing how long or under what circumstances he had it in his possession.

Relying on Janis v. Commonwealth, 22 Va. App. 646, 652, 472 S.E.2d 649, 652-53, aff'd on reh'g en banc, 24 Va. App. 207, 479 S.E.2d 534 (1996), Stokes maintains that the affidavit upon which the instant search warrant was based did not provide a nexus between the alleged criminal activity and the place to be searched.  Therefore, Stokes concludes, the magistrate could not reasonably have concluded that drug-related contraband would probably be found in the hotel room.  Furthermore, Stokes argues, the evidence seized by the police was not admissible under the good faith exception to the exclusionary rule enunciated in United States v. Leon, 468 U.S. 897 (1984), because the warrant was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence unreasonable.

> The existence of probable cause is determined by examining the "totality-of-the-circumstances."  "The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a

-

> particular place." The duty of the reviewing court is "simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed."

Miles v. Commonwealth, 13 Va. App. 64, 68-69, 408 S.E.2d 602, 604-05 (1991) (quoting Illinois v. Gates, 462 U.S. 213, 238-39 (1983); Jones v. United States, 362 U.S. 257, 271 (1960)), aff'd en banc, 14 Va. App. 82, 414 S.E.2d 619 (1992). "We are further mindful that a magistrate may draw reasonable inferences from the material supplied to him and that his determination of probable cause '"should be paid great deference by reviewing courts."'" Williams v. Commonwealth, 4 Va. App. 53, 68, 354 S.E.2d 79, 87 (1987) (quoting United States v. Settegast, 755 F.2d 1117, 1121 (5th Cir. 1985) (quoting Gates, 462 U.S. at 236)).

In Janis, we determined that, because the affidavit failed to provide a nexus between the marijuana being grown in a field in Dinwiddie County and the defendant's residence in Hopewell to be searched, "the magistrate who issued the warrant could not reasonably have concluded that contraband would probably be found at the premises to be searched." 22 Va. App. at 652, 472 S.E.2d at 653. Accordingly, we held that "the magistrate lacked a substantial basis for finding that probable cause existed." Id. at 652, 472 S.E.2d at 652.

In this case, the underlying affidavit filed by Detective Clements stated that Officers Wideman and Pryor stopped the car

-

Stokes was driving and arrested him because the officers knew there was an outstanding warrant for his arrest. The two experienced police officers, who had made numerous drug arrests, were joined by a third officer and his drug-detection dog. Sniffing the car, the dog reacted positively to the odor of drugs both outside and inside the car. Stokes was the car's sole occupant. Stokes had in his possession a hotel key for a room registered solely in his name. Significantly, the room had been registered for only a "half day." Checkout time was at noon later that day.

Detective Clements, himself an experienced police officer with expertise in drug investigation and enforcement, knew that drug dealers kept records of their illegal drug possession and transactions and used hotel rooms to store their illegal drugs and conduct their transactions. He also knew that Stokes had been "seen on several occasions in the company of other known drug dealers who are involved in a federal drug investigation."

Examining the totality of these circumstances, the magistrate could reasonably infer that Stokes was in possession or engaged in the sale of illicit drugs and that evidence of such criminal activity would probably be found in Room 110 of the Hampton Quality Inn, located at 1809 W. Mercury Boulevard in Hampton. See Gwinn v. Commonwealth, 16 Va. App. 972, 975, 434 S.E.2d 901, 904 (1993) (holding that "[a] magistrate is entitled to draw reasonable inferences about where incriminating evidence

-

is likely to be found, based on the nature of the evidence and the type of offense").  We conclude, therefore, that the instant affidavit, unlike the affidavit in Janis, provided an adequate nexus between the alleged criminal activity and the premises to be searched.

Accordingly, we hold that the affidavit provided the magistrate with a substantial basis for concluding that probable cause existed.[1]  The trial court did not err, therefore, in denying Stokes' motion to suppress the cocaine seized as a result of the search of his hotel room.

### III.  SUFFICIENCY OF THE EVIDENCE

Stokes also contends the trial court erred in convicting him of possession of cocaine where the only evidence of possession was his entitlement to occupy the hotel room in which the cocaine was found.  Such evidence, Stokes argues, is insufficient to sustain his conviction.

When the sufficiency of the evidence is challenged on appeal we review the evidence "in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom."  Bright v. Commonwealth, 4 Va. App.

---

[1] Having concluded that the cocaine seized by the police pursuant to a search warrant was admissible because the affidavit underlying the warrant provided the magistrate with a substantial basis for concluding that probable cause existed, we need not consider Stokes' additional argument that the good faith exception to the exclusionary rule set forth in Leon, 468 U.S. 897, does not apply.

-

248, 250, 356 S.E.2d 443, 444 (1987).  We will not disturb the conviction unless it is plainly wrong or unsupported by the evidence.  Sutphin v. Commonwealth, 1 Va. App. 241, 243, 337 S.E.2d 897, 898 (1985).

"In order to convict a person of illegal possession of an illicit drug, the Commonwealth must prove beyond a reasonable doubt that the accused was aware of the presence and character of the drug and that the accused consciously possessed it." Walton v. Commonwealth, 255 Va. 422, 426, 497 S.E.2d 869, 871 (1998).  However, "proof of actual possession is not required; proof of constructive possession will suffice."  Id. at 426, 497 S.E.2d at 872.

> To support a conviction based upon constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the [accused] was aware of both the presence and character of the substance and that it was subject to his dominion and control."

Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)).

Because "[p]roof of constructive possession necessarily rests on circumstantial evidence[,] . . . '"all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence."'"  Burchette v. Commonwealth, 15

-

Va. App. 432, 434, 425 S.E.2d 81, 83 (1992) (quoting Garland v. Commonwealth, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983) (quoting Carter v. Commonwealth, 223 Va. 528, 532, 290 S.E.2d 865, 867 (1982))). "However, 'the Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant.' Whether an alternative hypothesis of innocence is reasonable is a question of fact and, therefore, is binding on appeal unless plainly wrong." Archer v. Commonwealth, 26 Va. App. 1, 12-13, 492 S.E.2d 826, 832 (1997) (citation omitted) (quoting Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993)). "While no single piece of evidence may be sufficient, the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion.'" Stamper v. Commonwealth, 220 Va. 260, 273, 257 S.E.2d 808, 818 (1979) (quoting Karnes v. Commonwealth, 125 Va. 758, 764, 99 S.E. 562, 564 (1919)).

Occupancy of the premises where the illegal drug is found is a factor that may be considered in determining whether an accused possessed the drugs. See Walton v. Commonwealth, 255 Va. 422, 426, 497 S.E.2d 869, 872 (1998). "In resolving this issue, the court must consider 'the totality of the circumstances disclosed by the evidence.'" Glasco v. Commonwealth, 26 Va. App. 763, 774, 497 S.E.2d 150, 155 (1998)

-

(quoting Womack v. Commonwealth, 220 Va. 5, 8, 255 S.E.2d 351, 353 (1979)).

At trial, Stokes and the Commonwealth stipulated to the evidence, as follows:  On May 14, 1999, at approximately 10:30 a.m., Officer Wideman conducted a traffic stop on a car being driven by Stokes.  Stokes was the sole occupant of the vehicle.  The officer discovered Stokes had outstanding warrants on file.  Officer Miller and a drug-detection dog arrived at the scene, and the dog "alert[ed] on the vehicle."

After placing Stokes under arrest, Officer Wideman found a hotel key in his possession.  A check of local hotels revealed that "Room 110 at the Quality Inn on West Mercury Boulevard, . . . in the City of Hampton" was registered solely to Stokes.  The police commenced surveillance of Room 110.  They did not observe anybody leave or enter the room.

Based on information received from Officer Wideman and other officers, Detective Clements sought and obtained a search warrant for Room 110.  In searching Room 110 pursuant to the warrant, the officers recovered suspected cocaine from the drawer of a nightstand and found Stokes' Virginia identification card inside a closed drawer of a different table.  The officers saw no "indication of other people using [the] room."  Lab analysis confirmed that the retrieved substance was cocaine.

We conclude that, in considering the totality of the circumstances disclosed by this evidence, the trial judge could

-

reasonably infer that Stokes was aware of both the presence and character of the cocaine found in Room 110, of which he was the sole registered occupant, and that the cocaine was subject to his dominion and control. Hence, the evidence stipulated to in this case supports the trial court's finding that Stokes constructively possessed the cocaine. The trial court's judgment is not plainly wrong. We hold, therefore, that the evidence is sufficient to support Stokes' conviction for possession of cocaine.

Accordingly, we affirm the conviction.

<u>Affirmed.</u>