COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Clements
Argued at Richmond, Virginia


ROSALIND M. MABRY

                                    MEMORANDUM OPINION* BY
v.    Record No. 1069-01-2          JUDGE JEAN HARRISON CLEMENTS
                                         OCTOBER 22, 2002
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                     Thomas N. Nance, Judge

            Ali J. Amirshahi for appellant.

            Jennifer R. Franklin, Assistant Attorney
            General (Jerry W. Kilgore, Attorney General,
            on brief), for appellee.


     Rosalind M. Mabry was convicted in a bench trial of

possession of cocaine.[1]  On appeal, he contends the evidence was

insufficient to sustain the conviction.  We disagree and affirm

the conviction.

     As the parties are fully conversant with the record in this

case and because this memorandum opinion carries no precedential

value, this opinion recites only those facts and incidents of the

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

     [1] We note that Mabry was originally charged with possession
of cocaine with intent to distribute, in violation of Code
§ 18.2-248.  At trial, the court struck the evidence "as to the
intent" and entered an order finding Mabry guilty of possession
of cocaine.  However, the sentencing order erroneously recited
the offense as a violation of Code § 18.2-248 rather than Code
§ 18.2-250.

proceedings as necessary to the parties' understanding of the disposition of this appeal.

When the sufficiency of the evidence is challenged on appeal, we review the evidence "in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom."  Bright v. Commonwealth, 4 Va. App. 248, 250, 356 S.E.2d 443, 444 (1997).  We will not disturb the conviction unless it is plainly wrong or unsupported by the evidence.  Sutphin v. Commonwealth, 1 Va. App. 241, 243, 337 S.E.2d 897, 898 (1985).

Mabry claims the Commonwealth failed to prove beyond a reasonable doubt that he constructively possessed the cocaine found in a suitcase inside the home by the police.  Specifically, he argues the evidence presented at trial was insufficient to show he was aware of the presence and character of the cocaine or that he exercised dominion and control over it.  Furthermore, he adds, no drugs were found on him, and he made no statements acknowledging the presence of the cocaine.  Thus, he concludes, the Commonwealth's evidence, which was merely circumstantial, did not exclude the reasonable hypothesis of innocence that the man the officer saw outside in the yard had discarded the cocaine in the suitcase in the bedroom without Mabry's knowledge.

"In order to convict a person of illegal possession of an illicit drug, the Commonwealth must prove beyond a reasonable doubt that the accused was aware of the presence and character of

-

the drug and that the accused consciously possessed it." Walton v. Commonwealth, 255 Va. 422, 426, 497 S.E.2d 869, 871 (1998). "[P]roof of actual possession is not required; proof of constructive possession will suffice." Id. at 426, 497 S.E.2d at 872. Constructive possession may be established by "evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the [accused] was aware of both the presence and the character of the substance and that it was subject to his dominion and control." Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984).

Occupancy or ownership of the premises where the illegal drug is found is a factor that may be considered in deciding whether the accused was in possession of the illegal drug. See Walton, 255 Va. at 426, 497 S.E.2d at 871. Possession need not be exclusive; it may be shared. See Gillis v. Commonwealth, 215 Va. 298, 301-02, 208 S.E.2d 768, 771 (1974) (noting that occupancy of premises as a cotenant is a factor to be considered with other evidence in determining whether accused had constructive possession of illegal drugs). Thus, in resolving the issue of constructive possession, "the Court must consider 'the totality of the circumstances disclosed by the evidence.'" Archer v. Commonwealth, 26 Va. App. 1, 12, 492 S.E.2d 826, 832 (1997) (quoting Womack v. Commonwealth, 220 Va. 5, 8, 255 S.E.2d 351, 353 (1979)).

-

"Proof of constructive possession necessarily rests on circumstantial evidence; thus, '"all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence."'"  Burchette v. Commonwealth, 15 Va. App. 432, 434, 425 S.E.2d 81, 83 (1993) (quoting Garland v. Commonwealth, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983) (quoting Carter v. Commonwealth, 223 Va. 528, 532, 290 S.E.2d 865, 867 (1982))). "However, the Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant."  Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993). "Whether an alternative hypothesis of innocence is reasonable is a question of fact and, therefore, is binding on appeal unless plainly wrong."  Archer, 26 Va. App. at 12-13, 492 S.E.2d at 832 (citation omitted).  "While no single piece of evidence may be sufficient, the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion.'"  Stamper v. Commonwealth, 220 Va. 260, 273, 257 S.E.2d 808, 818 (1979) (quoting Karnes v. Commonwealth, 125 Va. 758, 764, 99 S.E. 562, 564 (1919)).

Here, the evidence established that Officer John Barkley of the Richmond Police Department responded to a dispute call from Ms. Wallace at a residence on Swanson Road in Southside

-

Richmond.  Mabry and Ms. Wallace met Officer Barkley at the doorway of the residence.  Mabry told Barkley that "he just wanted to leave and he just want[ed] to go in and get his suitcase and his things and just leave and didn't want to have any more problems."  Because the call had indicated that firearms were involved, Barkley would not let either Wallace or Mabry go back in the house.  While the officer was there, he saw a "gentleman . . . outside of the residence in the yard who left."

Barkley, after obtaining permission to search the residence, entered the house and conducted a search for firearms.  In the bedroom, he saw an open suitcase with men's clothing in it on the floor at the foot of the bed.  In the suitcase, Barkley found a pair of men's white socks that had a substance later determined to be cocaine inside.  In that same room, Barkley also found a wallet containing Mabry's identification on a nightstand next to the bed.  The officer further observed men's and women's clothes scattered about the room, as well as in a dresser in the room and in the room's closet.  Barkley also found three digital scales in the room, one of which was in plain view on top of a dresser.  He also recovered sandwich baggies from atop another dresser and two handguns from between the mattress and box spring of the bed.  In the course of his search, Officer Barkley observed no other men in the house or any other suitcases.

-

Viewed in the light most favorable to the Commonwealth, such evidence, considered in its totality, clearly supports the finding that Mabry knew of the presence and character of the cocaine and that he intentionally and consciously had constructive possession of it.  Not only was Mabry's wallet found along with drug paraphernalia in the bedroom where the cocaine was hidden in a suitcase containing men's clothes, no other suitcases were found in the house.  Mabry specifically told Barkley, upon the officer's arrival at the house, that he wanted to retrieve his suitcase from inside the house and leave. Likewise, the police officer observed no other men in the house. The only reasonable conclusion is that the one suitcase found in the house belonged to Mabry.

Officer Barkley did see a man in the yard outside the house who left, but nothing even remotely connected that man to the suitcase or cocaine found inside the house.  "The Commonwealth is not required to prove that there is no possibility that someone else may have planted, discarded, abandoned or placed the drugs . . . [where they are found by the police]."  Brown v. Commonwealth, 15 Va. App. 1, 10, 421 S.E.2d 877, 883 (1992) (en banc).

Hence, we hold that the evidence was sufficient to support Mabry's conviction for possession of cocaine and that the

-

conviction is not plainly wrong.  Accordingly, we affirm the conviction.

<u>Affirmed.</u>
