COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Clements
Argued at Richmond, Virginia


ROBERT NEAL, JR.

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1799-01-2       JUDGE JEAN HARRISON CLEMENTS
                                         OCTOBER 29, 2002
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                     Margaret P. Spencer, Judge

            Gregory W. Franklin, Assistant Public
            Defender (Office of the Public Defender, on
            briefs), for appellant.

            Donald E. Jeffrey, III, Assistant Attorney
            General (Jerry W. Kilgore, Attorney General,
            on brief), for appellee.


     Robert Neal, Jr., was convicted in a bench trial of

possession of cocaine, in violation of Code § 18.2-250.  On

appeal, he contends the evidence was insufficient, as a matter of

law, to prove beyond a reasonable doubt that he constructively

possessed the cocaine found in a parking lot near where he had

been standing.  Finding no error, we affirm the conviction.

     As the parties are fully conversant with the record in this

case and because this memorandum opinion carries no precedential

value, this opinion recites only those facts and incidents of the

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

proceedings necessary to the parties' understanding of the disposition of this appeal.

## I.  BACKGROUND

On December 15, 2000, Richmond City Police Officer Patrick Warner was on routine bicycle patrol with another officer in the area around the Chimborazo Market in Richmond.  According to Officer Warner, that location was a "known drug area" where he had made "numerous drug arrests."  At approximately 4:15 p.m., while it was "still light out," Warner observed Neal standing with another man in the parking lot of the market.  Neal's back was to the officer, and the other man was facing him.  Warner observed other people in the parking lot, but none of them was closer than thirty feet to Neal and the other man.

Suspecting, based on his "training and experience," that Neal and the other man were involved in a drug deal, Officer Warner rode toward them.  As Warner approached, Neal turned in the direction of the officer, who was in uniform and displaying his badge of authority, gave him a "quick look," and turned back to his companion.  Warner then observed Neal make a quick throwing motion with his left hand.  According to the officer, Neal's left hand "went out and opened."  The officer acknowledged, however, that he "did not see anything leave [Neal's] hand."  Warner was approximately twenty feet from Neal "and closing" when he saw him make the throwing motion.  Warner, who was "trying to watch everything," testified he was "certain"

-

the other man did not "make any sudden movements with his hands."

Officer Warner then got off his bicycle and asked Neal to come and speak with him. Neal willingly approached Warner and, at the officer's request, produced identification.

While he was involved with Neal, Warner asked the other officer to look around the area where Neal and the other man had originally been standing "for anything that [Neal] might have thrown down." Looking around that area, the other officer found a "small plastic bag" on the ground containing what was later determined to be a single .085 gram rock of crack cocaine. Warner recovered the cocaine. It was located, he observed, "approximately three to five feet" from where Neal had been standing on what would have been Neal's left side, which, according to Warner, was consistent with the left-handed throwing motion he saw Neal make. Warner conducted another search of the area, but found nothing else on the ground.

Officer Warner explained that, although he clearly saw Neal make the throwing motion, he may not have been able to see the object leave Neal's left hand because it was a single "very small rock" and because he approached the scene from Neal's "back right" while the object was thrown from Neal's left side.

## II. ANALYSIS

Neal contends the Commonwealth's evidence was insufficient to prove he constructively possessed the cocaine found in the parking

-

lot.  His only proven connection to the cocaine, he asserts, was his mere proximity to it, which is not enough to show he possessed the drug.  Indeed, he argues, in light of the fact that, from twenty feet away, in good light, with his attention focused on a suspected drug transaction, Officer Warner did not see anything leave Neal's hand when he made the throwing motion, the only reasonable inference to be drawn from the Commonwealth's evidence is that Neal did not throw anything.  The fact that the officer saw nothing, Neal claims, can only indicate that there was nothing to see.  Moreover, Neal maintains, it was reasonable to conclude that the cocaine, having been found in a "known drug area" where other people were present, had been dropped or left there by someone else.  Hence, he concludes, the Commonwealth's evidence failed to prove Neal's guilt beyond a reasonable doubt.

When the sufficiency of the evidence is challenged on appeal, we review the evidence "in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom."  Bright v. Commonwealth, 4 Va. App. 248, 250, 356 S.E.2d 443, 444 (1997).  We will not disturb the conviction unless it is plainly wrong or unsupported by the evidence.  Sutphin v. Commonwealth, 1 Va. App. 241, 243, 337 S.E.2d 897, 898 (1985).  "The "credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's

-

determination." Crawley v. Commonwealth, 29 Va. App. 372, 375, 512 S.E.2d 169, 170 (1999).

"In order to convict a person of illegal possession of an illicit drug, the Commonwealth must prove beyond a reasonable doubt that the accused was aware of the presence and character of the drug and that the accused consciously possessed it." Walton v. Commonwealth, 255 Va. 422, 426, 497 S.E.2d 869, 871 (1998). "[P]roof of actual possession is not required; proof of constructive possession will suffice." Id. at 426, 497 S.E.2d at 872. Constructive possession may be established by "evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the [accused] was aware of both the presence and character of the substance and that it was subject to his dominion and control." Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984).

Although insufficient by itself to prove possession, an accused's "proximity to an illicit drug" is a factor that "may be considered in deciding whether [the] accused possessed the drug." Walton, 255 Va. at 426, 497 S.E.2d at 872. In resolving the issue of constructive possession, "the Court must consider 'the totality of the circumstances disclosed by the evidence.'" Archer v. Commonwealth, 26 Va. App. 1, 12, 492 S.E.2d 826, 832 (1997) (quoting Womack v. Commonwealth, 220 Va. 5, 8, 255 S.E.2d 351, 353 (1979)).

-

"Proof of constructive possession necessarily rests on circumstantial evidence; thus, '"all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence."'" Burchette v. Commonwealth, 15 Va. App. 432, 434, 425 S.E.2d 81, 83 (1992) (quoting Garland v. Commonwealth, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983) (quoting Carter v. Commonwealth, 223 Va. 528, 532, 290 S.E.2d 865, 867 (1982))). "However, the Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993). "Whether an alternative hypothesis of innocence is reasonable is a question of fact and, therefore, is binding on appeal unless plainly wrong." Archer, 26 Va. App. at 12-13, 492 S.E.2d at 832 (citation omitted). "While no single piece of evidence may be sufficient, the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion.'" Stamper v. Commonwealth, 220 Va. 260, 273, 257 S.E.2d 808, 818 (1979) (quoting Karnes v. Commonwealth, 125 Va. 758, 764, 99 S.E. 562, 564 (1919)).

Applying these principles to the present case, we conclude the circumstantial evidence presented by the Commonwealth was

-

sufficient to prove Neal constructively possessed the cocaine found in the parking lot.

The Commonwealth's evidence established that Officer Warner, suspecting Neal and another man were engaged in a drug transaction, approached them on a bicycle.  Neal, whose back was toward Warner, turned around and, seeing the officer, quickly turned back around.  Warner then observed Neal make a quick throwing motion with his left hand.  Although Warner did not see an object leave Neal's hand, a small plastic bag containing a very small rock of crack cocaine was found three to five feet away from where Neal had been standing, in a location that was consistent with the throwing motion made by Neal with his left hand.  No other objects were found nearby.  Nobody else in the parking lot was within thirty feet of Neal and the other man. The other man made no throwing motion or other sudden movements with his hands.

These facts support the reasonable inference that Neal possessed the small bag of cocaine and threw it on the ground when he saw the police approaching.  See Collins v. Commonwealth, 13 Va. App. 177, 179-80, 409 S.E.2d 175, 176 (1991) (holding that, although the police did not see the drugs they subsequently found under a car leave the defendant's hand, the evidence that, upon seeing the officers' approach, the defendant "made a throwing motion with his hand under the car" was sufficient to support the trial court's finding that the

-

defendant threw the drugs under the car; and noting that drugs are "something of significant value and not something that one is likely to have abandoned or carelessly left in the area"). Furthermore, the trial court apparently believed Officer Warner's explanation that he may not have seen the bag containing the cocaine leave Neal's left hand because of the bag and drug's small size and because the angle at which he approached Neal allowed him to see the throwing motion itself but not its result. We cannot say, as a matter of law, that Warner's testimony was incredible. Likewise, therefore, we cannot say the trial court's conclusion that Neal possessed cocaine was plainly wrong or without evidence to support it.

Accordingly, we affirm Neal's conviction.

<u>Affirmed.</u>