COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Elder and Humphreys
Argued at Alexandria, Virginia


ISSAC A. FAWEHIMNI, S/K/A
 ISSAC FAWEHMINI
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0389-02-4        JUDGE ROBERT J. HUMPHREYS
                                         MARCH 11, 2003
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                     Gaylord L. Finch, Judge

        Kimberly J. Phillips, Assistant Public
        Defender (Office of the Public Defender, on
        brief), for appellant.

        Margaret W. Reed, Assistant Attorney General
        (Jerry W. Kilgore, Attorney General, on
        brief), for appellee.


    Issac Fawehimni appeals his conviction, after a bench trial,

for possession of cocaine.  Appellant contends the trial court

erred in finding the evidence sufficient, as a matter of law, to

support his conviction.  For the reasons that follow, we affirm

the judgment of the trial court.

    We first note that when examining a challenge to the

sufficiency of the evidence on appeal, we must review the evidence

---

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.  Further, because this opinion has
no precedential value, we recite only those facts essential to
our holding.

"'in the light most favorable to the Commonwealth'" and grant it the benefit of any reasonable inferences. Ward v. Commonwealth, 264 Va. 648, 654, 570 S.E.2d 827, 831 (2002) (quoting Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975)). This principle requires us to "'discard the evidence of the accused'" which conflicts, either directly or inferentially, with the Commonwealth's evidence. Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002) (quoting Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998)).

"The legal principles applicable to this case are well established and clearly defined." Clodfelter v. Commonwealth, 218 Va. 619, 622, 238 S.E.2d 820, 822 (1977). In order to convict a defendant of possession of drugs,

> it generally is necessary to show that defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it. Physical possession giving the defendant "immediate and exclusive control" is sufficient. However, the possession need not always be exclusive. The defendant may share it with one or more. The duration of the possession is immaterial and need not always be actual possession. The defendant may be shown to have had constructive possession by establishing that the drugs involved were subject to his dominion or control.
>
> In People v. Pigrenet, 26 Ill. 2d 224, 186 N.E.2d 306 (1962), the court held that while knowledge was an essential ingredient in the crime of possession of narcotics, such knowledge may be proved by evidence of acts, declarations or conduct of the accused from which the inference may be fairly drawn that

-

he knew of the existence of narcotics at the place where they were found.

Ritter v. Commonwealth, 210 Va. 732, 741, 173 S.E.2d 799, 805-06 (1970) (citation omitted).

Although mere proximity to the contraband is insufficient to establish possession, it is a factor that may be considered in determining whether a defendant possessed the contraband.  Ownership or occupancy of the premises on which the contraband was found is likewise a circumstance probative of possession.  Thus, in resolving this issue, the Court must consider "the totality of the circumstances disclosed by the evidence."  Womack v. Commonwealth, 220 Va. 5, 8, 255 S.E.2d 351, 353 (1979).

Archer v. Commonwealth, 26 Va. App. 1, 12, 492 S.E.2d 826, 832 (1997) (other citations omitted).

"Circumstantial evidence of such possession is sufficient to support a conviction, provided it excludes every reasonable hypothesis of innocence."  Id. at 13, 492 S.E.2d at 832.  However, "[t]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant."  Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).  Whether an alternative hypothesis of innocence is reasonable is a question of fact and, therefore, such a determination is binding on appeal unless plainly wrong.  Archer, 26 Va. App. at 12-13, 492 S.E.2d at 832.

Contrary to appellant's argument, the only reasonable hypothesis flowing from the "totality" of the evidence in this

-

case is that appellant was aware of the presence and the character of the contraband at issue and that it was subject to his dominion and control.  Officer J.W. Andrea, of the Fairfax County Police Department, testified that on the morning of May 9, 2001, he obtained appellant's name and identifying information by running a "check" on the license plate of his car, which was parked in the hotel parking lot.  Armed with this information, Officer Andrea stated that he went to the front desk of the hotel and determined, from their records, which room appellant was staying in, providing a reasonable inference that appellant was, at least, jointly registered as an occupant of the room.  Moreover, Officer Andrea testified that appellant answered the door to the room wearing only his underwear, providing a reasonable inference that he had slept in the room.  Andrea stated that his subsequent search of the room revealed that appellant was the sole occupant of the room, wherein he found the "Nestea" can, with holes punched in it, containing a residue, as well as the razor blade exhibiting a white residue, in plain view.[1]  The Nestea can was later determined to exhibit

---

[1] Counsel for appellant failed to include in her brief on appeal the particularly significant fact that, in addition to the "Nestea" can containing residue, Officer Andrea also found a razor blade containing a white powdery residue on appellant's bureau.  We remind counsel that Rule 5A:20(d) requires the appellant, in his or her opening brief on appeal, to provide "[a] clear and concise statement of the facts that relate to the questions presented, with references to the pages of the transcript, written statement, record, or appendix."

-

traces of cocaine.[2]  Despite appellant's contention that the "can

belonged to a . . . woman that was with him the night before

called Phyllis," Andrea further testified that he found no

evidence that a woman had ever been present in the room.

Considering the principles stated above, we find that the

Commonwealth provided the trial court with more than ample

evidence from which it could reasonably conclude that appellant

was aware of the contents of the room, and exercised dominion and

control over the room and its contents.  See Susan Eckhart v.

Commonwealth, 222 Va. 447, 451, 281 S.E.2d 853, 855 (1981).

Accordingly, we affirm the judgment of the trial court.

Affirmed.

---

[2] The parties failed to include the exhibit pertaining to
the laboratory analysis of the contraband in the appendix on
appeal.  We remind both parties that Rule 5A:25(c) states that
"[a]n appendix shall include," "exhibits necessary for an
understanding of the case that can reasonably be reproduced."
Rule 5A:25(c)(6) (emphasis added).

-