## Salem

SHELBY ANN HAMILTON

v.

COMMONWEALTH OF VIRGINIA

No. 0778-92-3

Decided July 20, 1993

**COUNSEL**

Richard A. DeLoria (James B. Feinman, Attorney at Law, on brief), for appellant.

Marla Lynn Graff, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

**OPINION**

**KOONTZ, J.\***—Shelby Ann Hamilton (Hamilton), appellant, was convicted in a bench trial of possession of cocaine and was sentenced to three years imprisonment, suspended, with fifteen days to serve. On appeal, Hamilton contends that the evidence was insufficient to prove that she knowingly and intentionally possessed the cocaine. We disagree and affirm her conviction.

When considering the sufficiency of the evidence on appeal of a criminal conviction, we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. *Josephs v. Commonwealth*, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc). Viewed in this light, the evidence showed the following.

On December 4, 1991, Officer Rodney Carson of the Lynchburg Police Department was working off-duty, but in uniform, as a security officer in the Greenfield Apartment complex. At about 1:40 a.m., he

---

\* When the case was argued, Judge Koontz presided. Judge Moon was elected Chief Judge effective May 1, 1993.

saw Jessie Alvin Bays in the complex. Bays had arrived in a vehicle along with three other people. After observing Bays' conduct, Carson asked Bays to leave the area.

Approximately fifteen minutes later, the officer saw Bays in front of building 1505 of the complex. Bays "walked out in front of a black Thunderbird. He went over to the vehicle and opened up the [passenger] door of the vehicle." As Carson turned his vehicle into the parking lot where Bays was standing, Bays stepped away from the vehicle. Carson and his partner, another officer, approached Bays, intending to charge him with trespass. As the officers "were approaching Mr. Bays, . . . he stepped away from the vehicle and said, 'I'm not trying to buy drugs.' "

After dealing with Bays, the officers went over to the open passenger door of the Thunderbird. The interior lights of the vehicle were on. Hamilton, who was seated in the driver's seat, was alone in the vehicle. The officer leaned down, looked inside the vehicle in order to speak with Hamilton, and saw, "in plain view," "a small green chrome smoking pipe." About two inches from the pipe, Carson saw "an off-white, chalk-white substance." The pipe and white substance were on the passenger side of the front floorboard. Carson, believing that the substance was crack cocaine, picked up the items from the floor of the car. Hamilton told the officer, "that's not mine, it must be the other person's." Carson arrested Hamilton and charged her with possession of cocaine. Once Hamilton was in custody, she voluntarily told Carson that "she had a bad problem with cocaine and putting her in jail would not solve this problem." She also stated that if Carson would "let her go," she would never return to Lynchburg. When Carson explained to Hamilton that he was not going to let her go, she called him "a one-sided police officer" and told him that "as far as she knew, [he] could have planted the drugs in her vehicle." The white substance tested positive as crack cocaine and cocaine residue was found in the pipe.

"[P]ossession [of a controlled substance] need not always be exclusive. The defendant may share it with one or more persons. The duration of the possession is immaterial and need not always be shown to have been actual possession." *Gillis v. Commonwealth*, 215 Va. 298, 302, 208 S.E.2d 768, 771 (1974). To prove constructive possession, " 'the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and

character of the substance and that it was subject to [her] dominion and control.'" *McGee v. Commonwealth*, 4 Va. App. 317, 322, 357 S.E.2d 738, 740 (1987) (quoting *Drew v. Commonwealth*, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (citation omitted)). "In determining whether a defendant constructively possessed drugs, the defendant's proximity to the drugs and [her] occupancy of the vehicle must also be considered." *Josephs*, 10 Va. App. at 100, 390 S.E.2d at 498. Although proof of proximity and occupancy is insufficient, standing alone, to establish possession, "both are factors which may be considered in determining whether a defendant possessed drugs." *Id.*; *see also Castaneda v. Commonwealth*, 7 Va. App. 574, 584, 376 S.E.2d 82, 87 (1989) (en banc).

The trier of fact could properly have concluded from the evidence that Hamilton was aware of the presence of the cocaine. When Officer Carson picked the items off the floor of the car, Hamilton said, "that's not mine." Although she initially attempted to blame someone else for ownership of the drugs, she later told Carson that "she had a bad problem with cocaine" and that she would never return to Lynchburg if he would "let her go." No one else was in the car when Officer Carson saw the items in "plain view." From these statements, and Hamilton's proximity to the drugs and sole occupancy of the vehicle, the trier of fact could have found that Hamilton knew that cocaine was on the floorboard of the car. *See Josephs*, 10 Va. App. at 100, 390 S.E.2d at 498 (where defendant told officer that she did not know about the drugs and it was the first time she had driven with drugs, trier of fact could infer that defendant knew marijuana was in trunk).

The Commonwealth also proved that Hamilton was aware of the character of the substance found on the floorboard of the car. She voluntarily admitted to Officer Carson that she had a "bad problem" with cocaine. Moreover, we can infer from Hamilton's possession of the cocaine that she was aware of its character. *See id.* at 101, 390 S.E.2d at 498-99 ("[p]ossession of a controlled drug gives rise to an inference of the defendant's knowledge of its character").

Finally, the trier of fact could also infer from the evidence that the cocaine was subject to Hamilton's dominion and control. The drugs were found "in plain view" on the floorboard of the passenger side of the car, which Hamilton alone occupied. Although Hamilton, who was seated in the driver's seat, was separated from the passenger area by a console, the trier of fact could reasonably infer that the items on the

floorboard were within her reach and subject to her dominion and control.

Hamilton contends that someone else, who was in her car at some unspecified time before her arrest, may have deposited the cocaine on the floorboard of her car. Hamilton's witness, Ernest Barnett, Jr., testified that a man seated in the back seat of Hamilton's car may have had a pipe. Barnett testified that he saw something "silver" and "shiny" in the man's hand. However, Barnett could not positively identify the pipe found in Hamilton's car as the item in the man's hand. In fact, Barnett stated that "[i]t could have been an ink pen or anything like that, I don't know." Barnett, who was seated in the front passenger seat of the car while the unidentified man was seated in the back seat, admitted that he did not see or feel the cocaine or pipe on the floorboard of the car and did not see the other man discard the pipe or cocaine. Barnett could not place the other man in the front seat of Hamilton's car. Barnett denied that *he* deposited the pipe and cocaine in Hamilton's car.

Hamilton correctly notes that when circumstantial evidence is used to support a conviction, " '[a]ll necessary circumstances proved must be consistent with guilt and inconsistent with innocence and must exclude every reasonable hypothesis of innocence.' " *Boothe v. Commonwealth*, 4 Va. App. 484, 492, 358 S.E.2d 740, 745 (1987) (quoting *Bishop v. Commonwealth*, 227 Va. 164, 169, 313 S.E.2d 390, 393 (1984) (citation omitted)). Hamilton contends that the Commonwealth did not dispel the hypothesis that Bays or the unidentified man in the car surreptitiously discarded the pipe and cocaine in the car. However, no evidence supports Hamilton's "hypothesis." The Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant. *Cook v. Commonwealth*, 226 Va. 427, 433, 309 S.E.2d 325, 329 (1983); *Fordham v. Commonwealth*, 13 Va. App. 235, 239, 409 S.E.2d 829, 831 (1991). "Hypotheses not flowing from the evidence must be rejected." *Fordham*, 13 Va. App. at 239, 409 S.E.2d at 831.

Moreover, even if Bays or the unidentified individual owned the pipe and cocaine found in Hamilton's car, the evidence nonetheless sufficiently establishes that Hamilton was in constructive possession of these items. Possession need not be exclusive and, in fact, may be joint possession with others. *Gillis*, 215 Va. at 302, 208 S.E.2d at 771.

"Thus, a person may constructively possess drugs owned by another." *Harrison v. Commonwealth*, 12 Va. App. 581, 585, 405 S.E.2d 854, 857 (1991).

Therefore, we hold that the Commonwealth proved through Hamilton's own statements and conduct and the fact that the drugs were found on the floorboard of the vehicle that she alone occupied that she constructively possessed the cocaine.

*Affirmed.*

Coleman, J., and Bray, J., concurred.