COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Bray and Senior Judge Hodges
Argued at Norfolk, Virginia


DERRICK T. KELLY, S/K/A
 DERRICK T. KELLEY
                                    MEMORANDUM OPINION*
v.        Record No. 2970-95-1    BY JUDGE JOSEPH E. BAKER
                                     NOVEMBER 12, 1996
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                    Verbena M. Askew, Judge


          Joseph R. Caprio (Joseph R. Caprio, P.C., on
          brief), for appellant.

          Daniel J. Munroe, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


     Derrick T. Kelly (appellant), sometimes known as Derrick T.

Kelley, appeals from his bench trial conviction by the Circuit

Court of the City of Newport News (trial court) for possession of

heroin with intent to distribute in violation of Code § 18.2-248.

 The sole issue presented by this appeal is whether the evidence

was sufficient to convict appellant.  Upon familiar principles,

we view the evidence in the light most favorable to the

Commonwealth, granting to it all reasonable inferences fairly

deducible therefrom.  Higginbotham v. Commonwealth, 216 Va. 349,

352, 218 S.E.2d 534, 537 (1975).

     Viewed accordingly, the record discloses that on January 23,

---

     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

1995 Newport News Anti-Crime Task Force Police Officer W. S. Warren (Warren) and Trooper R. Newby (Newby) received information from a fellow officer, Newport News Police Sergeant Penny (Penny), that two black males, in a residence known as 533-B 14th Street, were in possession of a quantity of narcotics. Penny told the officers that the males would be leaving that residence within one-half hour using a white Ford truck. Warren and Newby "responded to the area in an unmarked vehicle." Upon arrival, they observed a white Ford pickup truck fitting the description given them by Penny. At the time, there were no other trucks in the area. Within ten minutes, the officers observed two black males walk from the apartment, look around, and approach the truck. One went to the driver's side, the other to the passenger side. Warren saw appellant "bend down in the passenger side" of the truck. The males then entered the truck and drove off. The officers followed them and observed that the truck's taillight was out. Warren called for assistance to stop the truck for that traffic infraction.

The driver consented to a search of the truck. The search revealed a bag containing heroin by a bench-type seat, leaning against the transmission hump on the passenger side where appellant had been seated. The officers also found a film canister containing cocaine and two bags of marijuana. We hold that this evidence is sufficient to support the trial court's conclusion that appellant was aware of the presence of the

narcotics found and, therefore, was in constructive possession thereof. <u>Hamilton v. Commonwealth</u>, 16 Va. App. 751, 754, 433 S.E.2d 27, 28–29 (1993).

The evidence is also sufficient to support the trial court's finding of intent to distribute. Trooper Newby, who qualified as an expert in illegal narcotics, opined that the heroin was packaged as is usual for sale in the Newport News area. He also testified that the quantity contained in the ten packets of heroin was inconsistent with personal use. No evidence contained in this record indicates that appellant possessed the narcotics for his personal use. Moreover, the officers searched appellant's person incident to his arrest and discovered $131 in one of his pants pockets.

In <u>Poindexter v. Commonwealth</u>, 16 Va. App. 730, 432 S.E.2d 527 (1993), this Court affirmed a conviction for possession of cocaine with intent to distribute based upon similar evidence. In appellant's case, we hold that the evidence supports the trial court's finding of intent to distribute.

For the reasons stated, the judgment of the trial court is affirmed.

<u>Affirmed.</u>