COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Willis and Overton
Argued at Norfolk, Virginia


MICHAEL JEROME FALTZ
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0650-97-1      JUDGE NELSON T. OVERTON
                                         FEBRUARY 24, 1998
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF SOUTHAMPTON COUNTY
                  E. Everett Bagnell, Judge

        David B. Hargett (Joseph D. Morrissey;
        Morrissey, Hershner & Jacobs, on brief), for
        appellant.

        Donald E. Jeffrey, III, Assistant Attorney
        General (Richard Cullen, Attorney General;
        Leah A. Darron, Assistant Attorney General,
        on brief), for appellee.


     Michael Jerome Faltz (defendant) was convicted of
involuntary manslaughter in violation of Code § 18.2-36.1(A) for
causing the death of a passenger by driving his vehicle while
intoxicated.  He appeals the conviction, claiming that the
Commonwealth did not prove the fatal accident was caused by his
extreme intoxication.  Because we find the Commonwealth carried
its burden, we affirm.

     The parties are fully conversant with the record in the
cause, and because this memorandum opinion carries no
precedential value, we recite only those facts necessary to the
disposition of this appeal.

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

We view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.  See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  We "'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth.'"  Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (quoting Wright v. Commonwealth, 196 Va. 132, 137, 82 S.E.2d 603, 606 (1954)).  So viewed, the facts establish that defendant drove his vehicle down Flaggy Run Road in Southampton County while intoxicated.  At a bend in the road, he steered the vehicle onto the right hand shoulder, continued down the shoulder for approximately 366 feet, hit a dirt embankment and then flipped his vehicle back onto the road, landing on the roof.  His passenger, Robert Doles, suffered a broken neck and was pronounced dead at the scene.  Trooper J.A. Brown, the police officer who investigated the accident, found no tire tracks which would indicate that defendant attempted to swerve his vehicle or make a sudden change in direction.

An hour and one-half after the accident defendant registered .22 grams per 210 liters of breath on an alcohol breathalizer. He also failed a field sobriety test administered by Trooper Brown.  When questioned as to the cause of the accident, defendant claimed that a "big black truck" had driven toward him from the opposite direction and caused him to drive off the road.

"Code § 18.2-36.1(A), requires proof of a causal connection between the driver's intoxication and the death of another person."  Pollard v. Commonwealth, 20 Va. App. 94, 99, 455 S.E.2d 283, 286 (1995).  The Commonwealth was not required to disprove stories which "spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993) (citations omitted).  In the instant case, the trial court clearly disbelieved defendant's tales of a phantom truck which mysteriously appeared, ran him off the road and then vanished. Instead, it was persuaded by the fact that:  (1) defendant admits he drove off the road, causing the accident, (2) tire marks at the scene are inconsistent with defendant's claim that he swerved to avoid a truck and (3) defendant was in a dangerously intoxicated state.  Under these circumstances the trial court properly inferred that defendant, enveloped in his drunken stupor, missed the curve in the road, drove into the embankment and killed his passenger.  See Pollard, 20 Va. App. at 99, 455 S.E.2d at 286.  As the Supreme Court of Virginia has said under similar circumstances,

> [a]bsent evidence of any other cause for the car leaving the pavement, the only reasonable inference is that the proximate cause was the driver's impaired perception, retarded reflexes, and disrupted motor coordination resulting from the quantity of alcohol he had so recently consumed.

Beck v. Commonwealth, 216 Va. 1, 5, 216 S.E.2d 8, 10 (1975).

Because we find the Commonwealth proved defendant's

intoxication caused the death of Robert Doles, we affirm the conviction.

**<ins>Affirmed.</ins>**
