*710 ELDER, Judge,
dissenting.
I join generally in the majority’s recitation of the facts and the law, but I disagree with its application of the law to the facts. Therefore, I respectfully dissent.
The relevant version of Code § 18.2-31 provided that “[t]he willful, deliberate and premeditated killing of any person in the commission of robbery or attempted robbery” constitutes capital murder. For a murder to be committed “in the commission of robbery or attempted robbery,” the lolling must be “so closely related in time, place, and causal connection as to make the killing ... a part of the same criminal enterprise.” Briley v. Commonwealth, 221 Va. 532, 544, 273 S.E.2d 48, 56 (1980) (emphasis added). In establishing this relationship, the record must contain sufficient evidence from which the fact finder can conclude that the killing and robbery are “interdependent objects of a common criminal design.” Edmonds v. Commonwealth, 229 Va. 303, 310, 329 S.E.2d 807, 813 (1985). As the majority acknowledges, determining whether the record contains such evidence necessarily involves an examination of the perpetrators’ intent. See op. at 705-706, 525 S.E.2d at 587-588; Whitley v. Commonwealth, 223 Va. 66, 72-74, 286 S.E.2d 162, 166-67 (1982) (holding evidence sufficient to support finding that “murder was committed with intent to rob” to fit within capital murder statute but noting that proof of coexistence of intent to kill and intent to steal may not be required under the statute when the killing and robbery are part of a continuing criminal enterprise).
Intent may and often must be proved by circumstantial evidence. See Whitley, 223 Va. at 73, 286 S.E.2d at 166. A perpetrator’s motive in committing an offense, although not an element of murder, is a circumstance relevant to establishing intent. See Smith v. Commonwealth, 220 Va. 696, 702, 261 S.E.2d 550, 554 (1980). His conduct and statements also may be relevant circumstantial evidence of motive and, thus, intent. See Long v. Commonwealth, 8 Va.App. 194, 198, 379 S.E.2d 473, 476 (1989). Circumstantial evidence “is as competent and is entitled to as much weight as direct evidence, provided it is *711 sufficiently convincing to exclude every reasonable hypothesis [flowing from the evidence] except that of guilt.” Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983); see Hamilton v. Commonwealth, 16 Va.App. 751, 755, 433 S.E.2d 27, 29 (1993). Although an accused may try to prove his lack of intent by testifying about it or offering evidence of his statements to police or others, the trier of fact is entitled to assess the credibility of the testimony or statements and to reject them in whole or in part. See Pugliese v. Commonwealth, 16 Va.App. 82, 92, 428 S.E.2d 16, 24 (1993).
The majority asserts that “where a murder follows a robbery closely in time and circumstances, it is reasonable to infer that the motive for the murder was to escape detection [of the robbery] and/or eliminate witnesses.” It cites Poyner v. Commonwealth, 229 Va. 401, 432, 329 S.E.2d 815, 836 (1985), in support of this proposition. I agree that this inference is appropriate where the only reasonable hypothesis flowing from the evidence, viewed in the light most favorable to the Commonwealth, is that the motive for the murder was, as stated, to escape detection for the robbery. In fact, this was the case in Poyner, where the defendant robbed an ice cream store and immediately shot the only witness. See id. The record provided no evidence that the victim’s body was “mutilated ... [or] raped” and, therefore, no evidence of any other motive or intent for the murder. See id. Under those circumstances, the Court held the fact finder “could reasonably have concluded that [the defendant] lolled [the victim] to prevent her from calling for help and to keep her from identifying him as the robber.” Id. at 433, 329 S.E.2d at 836.
Similarly, in Whitley, the evidence, viewed in the light most favorable to the Commonwealth, supported the jury’s finding that the defendant murdered the victim in order to steal her car. See Whitley, 223 Va. at 72-74, 286 S.E.2d at 166-67. It established that, on the night of the murder, the defendant’s car was “broken down,” the defendant previously had expressed an interest in buying a car from the victim’s daughter, and the defendant killed the victim, took her car keys and stole her car. See id. at 73-74, 286 S.E.2d at 166. The *712 defendant had presented the hypothesis that his statements to police (in which he said that he entered the victim’s house to use the phone and that the victim said something which “provoked the fatal attack”) and the physical evidence (which established that he removed the victim’s clothing and sexually assaulted her with two umbrellas) required a finding that “the killing was the act of a ‘sexual psychopath’ and that the larceny [of the automobile] was committed ‘only as an afterthought.’ ” Id. at 72-73, 28'6 S.E.2d at 166. The Court held “the jury logically could have concluded that both sex and robbery motivated [the defendant’s] conduct,” despite the fact that the taking may not have occurred until after the victim’s death and that the jury was entitled to reject the defendant’s statements about what occurred and why. Id. at 73-74, 286 S.E.2d at 166. Once the jury rejected the defendant’s statements, the only hypothesis flowing from the remaining evidence — viewed in the light most favorable to the Commonwealth — was that the defendant’s desire to steal the victim’s car was a motive for the murder, although the physical evidence supported a finding that he had multiple motives.
In appellant’s case, in contrast to Whitley, the Commonwealth’s evidence established merely the possibility of multiple intents. The evidence did not exclude the reasonable hypothesis that the perpetrators acted with only one intent in killing the victim — to prevent her from identifying them as the people who had viciously beaten and cut her — and that the robbery was, as appellant argues, merely an afterthought, even though it occurred before the killing. The Commonwealth’s evidence makes clear that the perpetrators’ original intent was to “kick [the victim’s] ass” because she had lied to appellant. After inflicting the beating, they expressed fear that the victim “was going to tell,” and they put her in the trunk of the car and discussed how to keep her from doing so. They then drove to another location where they stood around the trunk and told the victim to relinquish all of her jewelry. After she did so, they removed her from the trunk, walked her down a dirt road, and removed most of her clothing. They continued to kick, beat, cut and stab her, and she eventually *713 died. Although two of the victim’s rings were abandoned and others were never found, one of the perpetrators kept and wore the victim’s watch.
Thus, the evidence, viewed in the light most favorable to the Commonwealth, establishes that the perpetrators acted with an intent to cover up the beating and that this was a motive for the victim’s murder. Although they may also have acted with the dual intent to cover up the robbery, no direct evidence supports such a finding, and the circumstantial evidence that appellant or any of her accomplices harbored such an intent is minimal; the only such evidence is the fact of the robbery itself, Winckler’s keeping the victim’s watch, and the subsequent killing of the victim.
Another reasonable hypothesis flowing from the circumstantial evidence, even viewed in the light most favorable to the Commonwealth, is that appellant and her accomplices intended to kill the victim solely to cover up the beating. Thus, in contrast to Whitley, this hypothesis of innocence flows from the Commonwealth’s evidence and does not require acceptance of the subsequent statements of appellant or her accomplices.
Therefore, although the evidence establishes that the robbery and murder were “closely related in time [and] place,” I would hold that it fails, as a matter of law, to establish the “causal connection” necessary to support a finding that the killing and robbery were “interdependent objects of a common criminal design.” The evidence fails to prove that this offense constituted murder “in the commission of robbery” and established, at most, robbery in the commission of murder, which does not meet the requirements of Code § 18.2-31. That appellant and her accomplices may have acted in concert in committing robbery and murder does not, without more, render the murder an act of capital murder.
For these reasons, I would reverse appellant’s conviction for capital murder. Therefore, I respectfully dissent.