COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Humphreys and Retired Judge Kulp[*]
Argued at Richmond, Virginia


WAYNE THOMAS PULLIAM

                                    MEMORANDUM OPINION[**] BY
v.    Record No. 1770-98-2         JUDGE JAMES E. KULP
                                         JULY 25, 2000
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                  John F. Daffron, Jr., Judge

          R. Donald Ford, Jr., for appellant.

          Marla Graff Decker, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     Wayne Thomas Pulliam (appellant) appeals from a judgment of

the Circuit Court of Chesterfield County (trial court) convicting

him of driving after having been declared an habitual offender,

second or subsequent offense.  He contends the evidence was

insufficient to prove that he operated an automobile on the date

in question.  We disagree and affirm the judgment of the trial

court.

     "On appeal, 'we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

_____

     [*] Retired Judge James E. Kulp took part in the consideration
of this case by designation pursuant to Code § 17.1-400,
recodifying Code § 17-116.01.

     [**] Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

inferences fairly deducible therefrom.'"  Archer v.

Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997)

(citation omitted).

Officer Vincent testified that just before 11:00 p.m. on

March 26, 1998, he was dispatched to investigate a single vehicle

automobile accident.  Upon arriving at the accident scene, he

discovered a car that had struck a tree head on.  The car, which

was registered to appellant's estranged wife, Nicole Pulliam

(Nicole), was unoccupied.  The car's hood was still warm,

indicating to Vincent that the vehicle had been operated recently,

and there was no key in the car's ignition.

Seven minutes later, after receiving a call from Officer

Thornton, Vincent proceeded seven-tenths of a mile to the entrance

of a Reynolds Metals facility.  Thornton was waiting for him there

with appellant.  Appellant had fresh mud on his boots and pants,

and scratches on his arms.

Appellant initially denied any knowledge of the accident.

When asked about the mud and his scratches, appellant explained

that he worked at Reynolds and had taken a shortcut through the

woods to get to work.  Vincent noted that the shortest distance

between the accident scene and Reynolds was through some nearby

woods.

Appellant said a friend ordinarily drove him part of the way

to work, but appellant was unable to provide a name, address, or

any other information regarding this "friend."  Appellant did not

-

dispute Vincent's suggestion that the car might be stolen, but expressed little interest in filing a stolen vehicle report.

Upon learning that appellant was an habitual offender, Vincent arrested appellant. While searching appellant incident to arrest, Vincent recovered a key chain that contained a key to Nicole's car. Appellant did not know whether any other keys to the car existed.

Appellant subsequently stated that a friend of his named "Crack" had been driving Nicole's car. When Vincent questioned appellant further, appellant only said that he, appellant, had not been driving. Vincent testified that he saw no one else in the vicinity of the accident scene.

Nicole testified that she saw appellant, Jowansa Green, and a friend of appellant's in her car around 4:00 p.m. on March 26, 1998. She said that Green was driving.

"The fact finder . . . may rely solely upon circumstantial evidence to prove an offense, provided the circumstances point unerringly to prove the necessary elements of the offense." Doss v. Commonwealth, 23 Va. App. 679, 685, 479 S.E.2d 92, 95 (1996). "The Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993). "The inferences to be drawn from proven facts, so long as they are reasonable, are

-

within the province of the trier of fact."  Hancock v.

Commonwealth, 12 Va. App. 774, 782, 407 S.E.2d 301, 306 (1991).

When Vincent arrived at the accident scene, he could tell

Nicole's car had been driven recently.  Seven minutes later and

less than a mile away, Vincent found appellant, who possessed a

key to the vehicle.  Appellant provided Vincent with conflicting

and suspect statements regarding the car and how he got to

Reynolds that night.  From this evidence, the trial court could

infer beyond a reasonable doubt that appellant had been driving

the car.  The Commonwealth's evidence was competent, was not

inherently incredible, and was sufficient to prove beyond a

reasonable doubt that appellant was guilty of second offense

habitual offender.

For the reasons stated above, the judgment of the trial court

is affirmed.

Affirmed.

-