COURT OF APPEALS OF VIRGINIA


Present:  Judges Frank, Kelsey and Senior Judge Willis
Argued at Chesapeake, Virginia


PATRICIA RUTH SIMERSON
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0637-02-1      JUDGE JERE M. H. WILLIS, JR.
                                          MARCH 18, 2003
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF ACCOMACK COUNTY
                       Glen A. Tyler, Judge

           Patrick A. Robbins for appellant.

           Paul C. Galanides, Assistant Attorney General
           (Jerry W. Kilgore, Attorney General;
           Linwood T. Wells, Jr., Assistant Attorney
           General, on brief), for appellee.


     Patricia Ruth Simerson was convicted in a bench trial of

embezzlement, in violation of Code § 18.2-111.  On appeal, she

contends the evidence was insufficient to support her

conviction.  We affirm the judgment of the trial court.

                          BACKGROUND

     "On appeal, 'we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom.'"  Archer v.

Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997)

(citation omitted).

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

On May 17, 2001, Simerson worked the evening shift at a convenience store owned and operated by J.R. Pikulsky.  Pikulsky testified that an unexplained $400 cash refund was made that night.  Security cameras connected to the registers recorded Simerson performing that refund transaction at 8:54 p.m. with no customer present.  Approximately ninety minutes later, she removed from the register the paper tape that recorded the register's transactions and replaced it with a new one.  Pikulsky explained that store procedures required Simerson to receive management approval for the refund and to place a signed receipt for the refund with the other paperwork from the shift.  She did neither.  The evening's paperwork included no receipt relating to the refund Simerson performed.  The paper cash register tape she removed had not been placed with the evening's paperwork, as required, and was never recovered.  Pikulsky noted the register tape did not need to be changed when Simerson removed it because it had been changed earlier that evening.  He explained that the cash drawer would have been over in the amount of $400 had the cash reflected in the refund entry not been removed from the drawer.  Instead, the drawer was short approximately $45.

Simerson denied taking any money from the cash register.  When first charged, she admitted to the police that she had changed the cash register tape, but denied making any refund over $200.  However, at trial, she testified that she had

-

performed the $400 refund transaction to correct an earlier mistake. She testified that she had earlier rung up an erroneous cigarette sale and that the refund entry was to correct that error. However, the evidence established that the entry to void a transaction was different from the entry reflecting a refund, the latter specifically requiring management approval and a supporting receipt.

The trial court found Simerson's explanation incredible, finding it illogical and unbelievable that Simerson would not have remembered a $400 mistake when she spoke with the police two days after the incident. The court also noted that Simerson had changed the secondary register tape unnecessarily and that neither the tape nor the transaction receipt had been lodged where required.

## Analysis

Simerson argues that "there are too many weak areas in the Commonwealth's case" and that she provided a reasonable explanation for performing the transaction.

"When a conviction is based upon circumstantial evidence, such evidence 'is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt.'" Hollins v. Commonwealth, 19 Va. App. 223, 229, 450 S.E.2d 397, 400 (1994) (citation omitted). "The Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence,

-

not those that spring from the imagination of the defendant."
Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29
(1993).

"The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). The trial court believed the Commonwealth's witnesses and rejected Simerson's account.

The evidence accepted by the trial court proved that Simerson performed an apparent refund without actually refunding money to a customer. She did so without the required management approval. This apparent falsification coupled with the disappearance of the money supports the finding that Simerson took the money and used this device as a cover. Furthermore, she removed and did not preserve as required the record of the cash register's transactions, thus attempting to mask what she had done. No receipt reflected a cash refund to a customer.

The Commonwealth's evidence was competent, not inherently incredible, and fully supports Simerson's conviction.

For these reasons, we affirm the judgment of the trial court.

Affirmed.

-