COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Frank and Humphreys
Argued at Richmond, Virginia


DANIEL LEE DAVIS

MEMORANDUM OPINION[*] BY
v.        Record No. 0649-03-2        JUDGE ROBERT J. HUMPHREYS
MAY 11, 2004

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ORANGE COUNTY
Daniel R. Bouton, Judge

John R. Maus (Law Office of John R. Maus, on brief), for appellant.

Josephine F. Whalen, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Daniel Lee Davis appeals his convictions, after a bench trial, for statutory burglary (in violation of Code § 18.2-91) and grand larceny (in violation of Code § 18.2-95).  Appellant contends the trial court erred in finding the evidence sufficient, as a matter of law, to support the convictions.  Because we find the evidence presented below was sufficient to establish that appellant committed the offenses, we affirm.

"When reviewing the sufficiency of the evidence after a conviction, we consider that evidence in the light most favorable to the Commonwealth, and we affirm the conviction unless it is plainly wrong or without evidence to support it."  Shackleford v. Commonwealth, 262 Va. 196, 209, 547 S.E.2d 899, 906 (2001).  This principle requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence

---
[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

favorable to the Commonwealth and all fair inferences that may be drawn therefrom." Kelly v. Commonwealth, 41 Va. App. 250, 254, 584 S.E.2d 444, 446 (2003) (*en banc*) (citation omitted).

Appellant does not dispute that the alleged crimes occurred on the date in question at the Orange-Madison Co-op; neither does he dispute that the DNA, extracted from the two drops of blood found below the broken window, matched his DNA profile. Rather, appellant argues that the DNA evidence, standing alone, was insufficient, as a matter of law, to support his convictions. However, this argument does not properly frame the sufficiency issue because the DNA evidence at issue was not the sole evidence upon which his conviction was based.

The evidence presented below established that, on the evening of August 8, 2001, when William H. Scott, Jr., the fertilizer manager at the Orange-Madison Co-op, left his office, the doors and windows of the fertilizer building were closed and secure. The evidence in the record further suggests that a fence surrounds the entire Co-op, including the fertilizer building, and that the gate to the fence was locked that evening. The next morning, Scott found that the window to his office had been broken. "[G]lass [was] scattered everywhere. [His] computer had been pushed to one side and [he thought] his desk drawers had been gone into [sic]." Scott found a partially empty beer bottle on a workbench in the fertilizer building shop.

Scott ultimately learned that some food and beer were missing from the fertilizer building, as well as a pair of bolt cutters. A "gray pickup that [they] use[d]" was also missing. The truck, valued at $1,000, had been parked outside of the fertilizer building shop area.

Police investigating the break-in found a trash can pushed up against the wall, underneath Scott's office window, on the outside of the building. Police found two drops of blood, dark red in color, "[j]ust below the window." Police also found the Co-op gate open, and observed that the lock for the gate was missing.

The next day, police found the truck, abandoned, approximately one-half mile away from the Co-op. All signs on the truck had been spray-painted, but the truck was otherwise undamaged. Police found the bolt cutters sometime later, approximately one-eighth of a mile from where the truck had been found.

A forensic scientist from the Virginia Division of Forensic Science, subsequently contacted police and informed them that the DNA found in the blood drops was consistent with that of appellant. Police then arrested appellant for the crime, advised him of his Miranda rights and told him "what the warrants were for." Appellant claimed that he had been in jail at the time of the break-in. However, police informed him that they had learned, through their earlier investigation, that he had been released from jail several weeks prior to the break-in at issue.

Police further informed appellant that "everything had been recovered" and that there was "very little damage . . . except for the window at the Co-op that needed to be repaired and that [they] recovered the truck." Police were discussing "any restitution that would be made." At that time, appellant said "[W]ell, the truck is not damaged, is it[?]"

During appellant's trial, a forensic scientist testified that the DNA profile obtained from the blood drops found underneath the window was consistent with appellant's DNA profile. The scientist testified that the DNA analysis she performed on the beer bottle was not complete because she could obtain "results only at three out of the sixteen (16) areas," but that the partial analysis did not exclude appellant as a "possible contributor of DNA on that item." Scott, a seven-year employee of the Co-op, testified that he was familiar with the employees and the customers at the Co-op and that he did not know appellant to "have any kind of connection with the Orange-Madison Co-op."

This case is strikingly similar to the circumstances presented in the Supreme Court of Virginia's decision in Avent v. Commonwealth, 209 Va. 474, 164 S.E.2d 655 (1968). In that

case, Avent's latent fingerprint was found on a pane of glass from a window at Friedman-Marks

Clothing Company, which had been broken in an apparent attempt to gain entry into the building

for the purpose of committing a larceny. Avent appealed his conviction for statutory burglary,

contending that evidence of his fingerprint on the glass, standing alone, was insufficient to prove

he committed the crime. In affirming Avent's conviction, the Court quoted approvingly from

Lawless v. State, 241 A.2d 155 (Md. App. 1968), stating:

> ["]A latent fingerprint found at the scene of the crime, shown to be
> that of an accused, tends to show that he was at the scene of the
> crime. The attendant circumstances with respect to the print may
> show that he was at the scene of the crime at the time it was
> committed. If they do so show, it is a rational inference, consistent
> with the rule of law both as to fingerprints and circumstantial
> evidence, that the accused was the criminal agent.["]

Avent, 209 Va. at 479-80, 164 S.E.2d at 659 (quoting Lawless, 241 A.2d at 159-160).

Similarly, in Turner v. Commonwealth, 218 Va. 141, 235 S.E.2d 357 (1977), the Court

found:

> [W]hile defendant's fingerprint found at the scene of the crime
> may be sufficient under the circumstances to show defendant was
> there at *some time,* nevertheless in order to show defendant was the
> criminal agent, such evidence must be coupled with evidence of
> other circumstances tending to reasonably exclude the hypothesis
> that the print was impressed at a time other than that of the crime.
> Such "other circumstances" "need not be circumstances
> completely independent of the fingerprint, and may properly
> include circumstances such as the location of the print, the
> character of the place or premises where it was found and the
> accessibility of the general public to the object on which the print
> was impressed." Those attendant circumstances may demonstrate
> the accused was at the scene of the crime when it was committed.
> And if such circumstances do so demonstrate, a rational inference
> arises that the accused was the criminal agent.

218 Va. at 146-47, 235 S.E.2d at 360 (quoting Avent, 209 Va. App. at 479-80, 164 S.E.2d at

659) (other citations omitted) (emphasis in original).

In the case at bar, in addition to the DNA evidence, several other circumstances clearly supported the trial court's reasonable inference that appellant was "at the scene of the crime when it was committed." Id. In particular, appellant's blood was found just beneath the broken office window. A partially empty beer bottle, found inside the building, contained genetic material that was not inconsistent with appellant's DNA. Appellant was not a customer of the Co-op nor an employee of the Co-op, and no evidence suggested he would have had any reason to be on the Co-op premises at any point in time. In fact, the evidence suggests that a fence surrounds the Co-op facility and that the gate to the fence is locked during non-business hours. In addition, appellant apparently lied to police about his whereabouts at the time of the break-in. See Rollston v. Commonwealth, 11 Va. App. 535, 548, 399 S.E.2d 823, 831 (1991) ("A defendant's false statements are probative to show he is trying to conceal his guilt, and thus [are] evidence of his guilt."). Finally, and of particular significance, before police shared any information with appellant concerning the condition of the truck, appellant made the spontaneous statement that "the truck [was] not damaged."

Considering this record as a whole, we find no error in the trial court's determination that the Commonwealth proved, beyond a reasonable doubt, that appellant committed the offenses for which he was charged. It is well settled that, "[c]ircumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983). Nevertheless, "[t]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993). Thus, in making a determination concerning an appellant's hypothesis of innocence in a circumstantial evidence case, we must determine "not whether there is some evidence to

support" the appellant's hypothesis of innocence, but rather, "whether a reasonable [fact finder], upon consideration of all the evidence, could have rejected [the appellant's] theories in his defense and found him guilty of [the charged crime] beyond a reasonable doubt." Hudson v. Commonwealth, 265 Va. 505, 513, 578 S.E.2d 781, 785 (2003) (internal quotations omitted). Moreover, "whether an alternate hypothesis of innocence is reasonable is a question of fact and, therefore, is binding on appeal unless plainly wrong." Archer v. Commonwealth, 26 Va. App. 1, 12-13, 492 S.E.2d 826, 832 (1997) (citations omitted).

Consistent with these principles, we hold that the trial court could reasonably infer from this evidence that appellant was the criminal agent here. Indeed, the Commonwealth was not required to "affirmatively and conclusively negate every possibility that [appellant], who was shown to have been at the scene of the crime by his [DNA], was present other than at the time of the commission of the crime." Avent, 209 Va. at 481, 164 S.E.2d at 660. For these reasons, we affirm appellant's convictions.

Affirmed.