COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Frank and Haley
Argued at Chesapeake, Virginia


JAMES COUNCIL WALKER

MEMORANDUM OPINION[*] BY
v.　　　Record No. 2509-05-1　　　　　JUDGE LARRY G. ELDER
　　　　　　　　　　　　　　　　　　　　OCTOBER 31, 2006
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Charles D. Griffith, Jr., Judge

Steven M. Miyares, Assistant Public Defender (Norfolk Public
Defenders Office, on brief), for appellant.

Karri B. Atwood, Assistant Attorney General (Robert F. McDonnell,
Attorney General, on brief), for appellee.


James Council Walker (appellant) appeals from his bench trial conviction for possessing

an unauthorized weapon capable of causing death or injury while a prisoner in a state, local or

community correctional center in violation of Code § 53.1-203(4). On appeal, he contends the

evidence was insufficient to prove he knowingly possessed the razor blade found beneath the

insole of his shoe. We hold the evidence, viewed in the light most favorable to the

Commonwealth was sufficient to prove knowing possession, and we affirm.

Under familiar principles of appellate review, we examine the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible

therefrom. Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

The fact finder is not required to believe all aspects of a witness' testimony; it may accept some

parts as believable and reject other parts as implausible. See, e.g., Pugliese v. Commonwealth,

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

16 Va. App. 82, 92, 428 S.E.2d 16, 24 (1993). "Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983).

"To convict a person of possess[ing contraband,] 'the Commonwealth must prove that the defendant was aware of the presence and character of the [contraband] and that he intentionally and consciously possessed [it].'" Castaneda v. Commonwealth, 7 Va. App. 574, 583, 376 S.E.2d 82, 86 (1989) (en banc) (quoting Andrews v. Commonwealth, 216 Va. 179, 182, 217 S.E.2d 812, 814 (1975)). "Physical possession giving the defendant 'immediate and exclusive' control is sufficient." Gillis v. Commonwealth, 215 Va. 298, 301-02, 208 S.E.2d 768, 771 (1974).

Appellant concedes on brief that he was in actual possession of the razor blade found beneath the insole of his shoe, but he contends the evidence fails to prove he intentionally and consciously possessed it. He expressly denies presenting as a hypothesis of innocence the theory that "an official in the Chesapeake City Jail planted the razor [blade] in [his] shoe prior to [his] being transported to Norfolk City Jail" and expressly "concedes that such a hypothesis should likely be rejected." He focuses, instead, on his contention that another inmate "might have been able to sneak a razor [blade] past the searches" and might "have hidden the razor [blade] in [appellant's] shoe" while the shoeless appellant slept "in order to avoid punishment for possession of such contraband" if it had been found on him in the impending search.

What appellant fails to acknowledge, however, is that this hypothesis depends on his testimony that he left his shoes unattended beneath his bunk while he slept and at a time when another inmate in the holding cell knew a search was imminent and had an incentive to discard the razor blade in order to avoid being caught with it himself. However, the trial court, as the finder of fact, was entitled to reject the testimony of appellant, who had multiple prior felony

- 2 -

convictions, as not credible. Once the trial court rejected appellant's testimony that he had been asleep with his shoes off immediately prior to the search, the remaining evidence, viewed in the light most favorable to the Commonwealth, provided no indication that anyone other than appellant had access to his shoes at a time when they also had an incentive to hide the razor blade inside. "[T]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence," viewed in the light most favorable to the Commonwealth, "not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).

Further, as the trial court expressly found, if another inmate had been able to sneak the razor blade onto the second floor of the Norfolk City Jail despite an initial strip search, appellant would have been equally able to do so. The only reasonable hypothesis flowing from the evidence as found by the trial court, viewed in the light most favorable to the Commonwealth, was that the razor blade and its worn cardboard casing had been in appellant's actual possession, underneath appellant's left insole, for some time prior to his entering the Norfolk Jail and that they were found during the 7:30 p.m. strip search, but not the earlier 2:00 p.m. strip search, only because Deputy Robinson, a newly trained and particularly diligent officer, exercised such care in conducting the latter search of appellant's shoe. Thus, the evidence, viewed in the light most favorable to the Commonwealth, was sufficient to prove appellant's guilt beyond a reasonable doubt. See Commonwealth v. Hudson, 265 Va. 505, 513, 578 S.E.2d 781, 785 (2003) (noting "statement that circumstantial evidence must exclude every reasonable theory of innocence is simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt" and that issue on appeal "is not whether 'there is some evidence to support' these hypotheses" but rather "whether a reasonable [fact finder], upon consideration of all the

evidence, could have rejected [appellant's] theories in his defense and found him guilty . . .

beyond a reasonable doubt").

For these reasons, we hold the evidence was sufficient to prove appellant's knowing

possession of the razor blade, and we affirm his conviction.

<u>Affirmed.</u>