COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judges Humphreys and Chafin
Argued at Salem, Virginia

UNPUBLISHED

MATTHEW TYLER KING

MEMORANDUM OPINION[*] BY
v.       Record No. 2543-11-3            JUDGE TERESA M. CHAFIN
NOVEMBER 20, 2012

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF PULASKI COUNTY
Colin R. Gibb, Judge

Cynthia Ellen Dodge, Public Defender (Office of the Public
Defender, on brief), for appellant.

Aaron Campbell, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General; Erin M. Kulpa, Assistant
Attorney General, on brief), for appellee.

Matthew Tyler King (appellant) appeals his bench trial conviction for possessing an

unauthorized weapon capable of causing death or injury while a prisoner in a state, local or

community correctional center in violation of Code § 53.1-203(4).  On appeal, he contends the

evidence was insufficient to prove he knowingly possessed the razor blade found beneath a

sticker on his drinking cup.  We hold the evidence, viewed in the light most favorable to the

Commonwealth, was sufficient to prove knowing possession, and we affirm the judgment of the

trial court.

Under familiar principles of appellate review, we examine the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible

therefrom.  Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The fact finder is not required to believe all aspects of a witness' testimony; it may accept some parts as believable and reject other parts as implausible. See, e. g., Pugliese v. Commonwealth, 16 Va. App. 82, 92, 428 S.E.2d 16, 24 (1993). "Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983).

"To convict a person of possess[ing contraband,] 'the Commonwealth must prove that the defendant was aware of the presence and character of the [contraband] and that he intentionally and consciously possessed [it].'" Castaneda v. Commonwealth, 7 Va. App. 574, 583, 376 S.E.2d 82, 86 (1989) (en banc) (quoting Andrews v. Commonwealth, 216 Va. 179, 182, 217 S.E.2d 812, 814 (1975)). "Physical possession giving the defendant 'immediate and exclusive' control is sufficient." Gillis v. Commonwealth, 215 Va. 298, 301-02, 208 S.E.2d 768, 771 (1974).

Appellant concedes there is "ample evidence" that he possessed the razor blade at issue. However, appellant contends that the Commonwealth failed to meet its burden of proof establishing that he was aware of the presence of the razor blade or that he possessed it consciously and intentionally. Appellant posits that "another inmate" in his pod at the jail had hidden the razor blade behind the sticker without his knowledge. To support this contention, appellant relies on his own statements to police, as well as his own testimony at trial.

The trial court, as finder of fact, was entitled to reject appellant's testimony as not credible. Once the trial court rejected appellant's testimony, the remaining evidence, viewed in the light most favorable to the Commonwealth, provided no indication that anyone other than appellant had access to his cup or placed the razor blade beneath the sticker on the side of the cup. "[T]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence," viewed in the light most favorable to the Commonwealth, "not those that

spring from the imagination of the defendant." <u>Hamilton v. Commonwealth</u>, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).

For these reasons, we hold the evidence was sufficient to prove appellant's knowing possession of the razor blade, and we affirm his conviction.

<u>Affirmed.</u>